[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
Plaintiff Samuel J. Heyman has filed a motion for partial summary judgment in which he seeks 1) summary judgment on his claims for back rent and use and occupancy in the collective amount of $19,058.40 and 2) an interlocutory judgment establishing the liability of defendant Jane C. Gumbreicz, a/b/a Christine's, for breach of the parties' lease agreement. The pleadings are closed.
"In any action . . . any party may move for summary judgment, provided that the pleadings are closed as between the parties to the motion." Connecticut Practice Book section 379. The pleadings must be closed as of the date of the filing of the motion for summary judgment. Doublewal Corp. v. Toffolon, 195 Conn. 384, 391 (1985).
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). "A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Connecticut CT Page 49 Practice Book section 384; Catz v. Rubenstein, 201 Conn. 39,48-49 (1986). The burden of showing the absence of any genuine issue of material fact is on the moving party. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Connecticut Practice Book section 384; Orticelli v. Powers, 197 Conn. 9, 15 (1985). The court must view the evidence in the light most favorable to the nonmovant. Nolan, supra at 500.
Accompanying the plaintiff's Motion for Partial Summary Judgment is an affidavit executed by Kathleen Rorick, plaintiff's director of real estate. The affidavit states in material part that as of April 18, 1990 defendant's rental arrearages amounted to $14,490. This affidavit states further that since defendant failed to pay said amount plaintiff commenced a summary process action by serving a notice to quit possession containing a termination of lease date of May 3, 1990. The affidavit also states that plaintiff caused defendant's physical eviction on May 22, 1990, following the entry of a judgment of possession. The affidavit claims $4,568.40 ($2,284.20 per month) for use and occupancy of the premises after the lease was terminated.
Inasmuch as the defendant has not filed any affidavits or other documentary evidence opposing plaintiff's affidavit in support of the Motion for Partial Summary Judgment on the issue of rental arrearages and use and occupancy and the plaintiff's affidavit and documents substantiate his claims, the court finds that there is no genuine issue as to any material fact regarding plaintiff's claims for back rent and use and occupancy, and enters the following orders:
1) judgment is entered in favor of the plaintiff for the amount of $14,490 as damages for back rent; and
2) judgment is entered in favor of the plaintiff for the amount of $3,679.20 as damages for use and occupancy for the period of May 3, 1990 through June 21, 1990.[1]
Inasmuch as the court finds that there is no genuine issue of material fact regarding liability on plaintiff's claim of liability for damages for breach of the lease contract, but that there is a genuine issue as to damages, the court finds the defendant liable for breach of the lease contract and orders that this case be assigned for a hearing for the assessment of damages.
BY THE COURT CT Page 50
CLARANCE J. JONES, JUDGE