[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff Bertha Harris has brought this action against defendant, Lucinda A. Willis, for personal injuries sustained in an automobile accident allegedly caused by negligence. CT Page 435
The plaintiff alleges in her complaint that on July 2, 1988, she was in a parked automobile which was facing in an easterly direction on Memory Lane, a public highway in Bridgeport, Connecticut. The defendant was driving eastbound on Memory Lane, approaching the plaintiff's location. There plaintiff then turned across the eastbound lane of Memory Lane, when the defendant allegedly came upon and struck the plaintiff's vehicle from the rear. The complaint further alleges that the collision was caused by the negligence of the defendant in that she (1) was driving her motor vehicle at an unreasonable speed; (2) failed to maintain adequate brakes or apply her brakes; (3) failed to keep a proper lookout for other vehicles; (4) failed to move to avoid striking the plaintiff; (5) failed to keep her vehicle under proper control; and (6) failed to exercise reasonable care to see plaintiff's vehicle and stop before striking it.
The defendant has filed an answer with one special defense alleging comparative negligence. The pleadings are closed.
The defendant moves for summary judgment pursuant to Conn. Practice Bk. 378 on the grounds that the plaintiff was not injured due to any negligence of the defendant. In support of this motion for summary judgment defendant has filed a memorandum of law, an affidavit and a copy of the police accident report.
The plaintiff has filed a memorandum of law in opposition to defendant's motion for summary judgment, and a supporting affidavit.
"In any action . . . any party may move for summary judgment, provided that the pleadings are closed as between the parties to the motion." Conn. Practice Bk. 379. The pleadings must be closed as of the date of the filing of the motion for summary judgment. Doublewal Corp. v. Toffolon, 195 Conn. 384,391 (1985).
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). "A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384; Catz v. Rubenstein, 201 Conn. 39, 48-49 (1986). The burden of showing the absence of any genuine issue of material fact is on the moving party. Fogarty v. Rashaw, 193 Conn. 442, CT Page 436 445 (1984). In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Conn. Practice Bk. 384; Orticelli v. Powers,197 Conn. 9, 15 (1985). The court must view the evidence in the light most favorable to the nonmovant. Nolan, supra at 500.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446
(1984); see also Trzcinski v. Richey, 190 Conn. 285, 295
(1983). "The conclusion of negligence . . . becomes strictly a question of law only when the mind of a fair and reasonable man could reach but one conclusion." Dubay v. Irish, 207 Conn. 518,534 n. 10 (1988).
The Court finds that the affidavit supporting and the affidavit opposing the Motion for Summary Judgment provide conflicting accounts as to causation of the accident subject of this litigation. Inasmuch as there are genuine issues of material facts, defendant's motion for summary judgment is denied.
CLARANCE J. JONES, JUDGE