## JOHN CARBONI
### vs.
## RALPH H. WALKER, WARDEN

Superior Court     Hartford County     File #54705

Present: Hon. ERNEST A. INGLIS, Judge.

John Carboni, pro se.

Ralph H. Walker, pro se.

## MEMORANDUM FILED OCTOBER 27, 1936.

INGLIS, J. The plaintiff in this case was committed to the State Prison on October 11, 1927, to serve a sentence which was in effect one for not less than three nor more than eleven years, and to pay costs of $572.35.

On November 3rd, 1933, he was released on parole but, on December 21, 1934, he was returned to the prison after a violation of his parole.

It seems to be conceded that up until the revocation of the plaintiff's parole he had earned the "good time" as provided by that statute. Upon his return to the prison as part of his

punishment for having violated his parole the warden and directors undertook to deduct from that good time already earned, three hundred and sixty-five days.

The contention of the plaintiff is that the warden had no authority under the law to make that deduction. In this case, however, the question as to whether the warden acted legally in making that deduction is purely academic. Even though it were so that the plaintiff's contention in this regard is correct, it still remains a fact that he would not be entitled to a release at this time.

If the plaintiff is allowed all of the good time which he claims it is true that his sentence so far as imprisonment is concerned would have expired on July 14, 1936.

**Section 6527 of the General Statutes,** however, provides that "the defendant in any criminal prosecution shall pay the costs of his conviction before he shall be discharged". **Section 1985 of the General Statutes** provides as regards any prisoner in the State Prison detained only for payment of costs that he shall be allowed for his labor the wages paid journeymen for like labor, but the costs under certain conditions may be remitted by the warden.

There was nothing in the evidence upon the hearing of this case, to indicate that the costs taxed against him have either been worked out or remitted. He must therefore continue to be held until those costs are satisfied.

Judgment may enter therefor dismissing the suit and recommitting the plaintiff to the respondent.