[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE
On September 18, 1990 the plaintiff, MacEllis Glass commenced a wrongful death action against the Jewish Home for the Elderly of Fairfield County (hereinafter the "Jewish Home"). The plaintiff alleges that the injuries and death of the plaintiff's decedent, his wife, Judith W. Glass, were caused by the carelessness and negligence of the Jewish Home and their agents and employees. The plaintiff further alleges that the defendant, its agents and employees were negligent in that they failed to perform construction of a driveway at the Jewish Home in a safe manner with the result that the decedent was struck by a motor vehicle when she exited the Jewish Home's driveway.
On April 3, 1992, the court (Ford, J.) granted the Jewish CT Page 11727 Home's motion to implead Peter Mitchell Construction Leasing and Development Corporation (hereinafter "Peter Mitchell") as a third-party defendant. One June 5, 1992 the Jewish Home filed a nine-count amended third-party complaint on the third-party defendant, Peter Mitchell and two other sub-contractors. The first four counts of the amended complaint are directed at Peter Mitchell. The Jewish Home alleges that Peter Mitchell was an independent contractor hired to perform work which included the construction of the west driveway. The Jewish Home further alleges that if the decedent's injuries were caused by any defect in the west driveway or failure to provide for traffic safety while constructing the west driveway, then those injuries were caused by the carelessness and negligence of Peter Mitchell. In its first count the Jewish Home seeks indemnification based on common law active/passive negligence. In its second count the Jewish Home alleges that Peter Mitchell breached its contract due to Peter Mitchell's failure to perform work in a safe and workmanlike manner. In its third count the Jewish Home alleges breach of contract because Peter Mitchell failed to indemnify and hold harmless the Jewish Home pursuant to contract. In its fourth count the Jewish Home alleges breach of contact because Peter Mitchell failed to provide the Jewish Home with insurance.
On October 9, 1992 the third-party defendant, Peter Mitchell, filed a motion to strike the first and third count of the Jewish Home's amended third-party complaint and a supporting memorandum of law. On October 20, 1992 Peter Mitchell filed an amended motion to strike the first and fourth counts of the amended third-party complaint and supporting memorandum of law. On October 22, 1992, the Jewish Home filed an objection to that motion to strike.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in CT Page 11728 admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
COUNT I
In its motion to strike Peter Mitchell argues that the Jewish Home's first count of its amended third-party complaint should be stricken because the Jewish Home's indemnification claim is barred by the statute of limitations. Peter Mitchell further argues that the decedent was injured on April 4, 1989 and that the third-party complaint was not served on Peter Mitchell until over three years after the accident occurred. Thus, Peter Mitchell claims that since the statute of limitations for an indemnity action based on tort commences to run from the date of the act or omission, the trial court should grant its motion to strike on the grounds that an action for indemnity is barred by the statute of limitations.
The Jewish Home argues that Peter Mitchell's motion to strike the first count should be denied because raising the issue of the statute of limitations in a motion to strike is improper, and that the statute of limitations must be raised by way of a special defense pursuant to Practice Book section 164. The Jewish Home also argues that Peter Mitchell's motion to strike should be denied on substantive grounds, because Peter Mitchell erroneously assumes that the three-year statute of limitations for tort pursuant to General Statutes section 52-577 applies. The Jewish Home asserts that the controlling statute for indemnification is General Statutes section 52-576 which provides that an action on contract shall be brought within six years after the date of accrual.
According to Practice Book section 164 the statute of limitations must be specially plead. Landes v. Anchor's Away Seafood, 6 Conn. L. Rptr. 339 (April 27, 1992, Pickett, J.) See also Orticelli v. Powers, 197 Conn. 9, 14-16, 495 A.2d 1023 (1985). "Ordinarily it is improper to determine . . . [the statute of limitations] issue on a motion to strike because the plaintiff will thereby be deprived of an opportunity to plead a tolling statute or to claim fraudulent concealment of the cause of action. . . ." (Citations omitted.) National Grange Mutual Insurance Co. v. Frascona, 4 CSCR 282
(February 28, 1989, Hammer, J.)
Although the special defense is typically the proper mechanism to assert the statute of limitations defense the motion CT Page 11729 to strike may be used to determine whether an action is barred by the statute of limitations only (1) where the parties have agreed on the pertinent facts, (2) where the complaint anticipates the statute of limitations defense and has tried to circumvent it, or (3) where the statute creating the right of action contains its own statute of limitation as a limitation for its enforcement. Id. As in National Grange, supra, the third-party defendant, Peter Mitchell, "make[s] no claim that any of these exceptions apply . . . accordingly the [statute of limitations] can be raised only by way of special defense in accordance with section 164 of the Practice Book.
For the foregoing reasons, the motion to strike the first count is denied.
COUNT IV
Peter Mitchell argues that the fourth count fails to allege a breach of contract claim and should be stricken because it does not plead that the third-party defendant failed to obtain insurance coverage for the third-party plaintiff or that it failed to have the third-party plaintiff named as an additional insured on the insurance policy. It is Peter Mitchell's position that the Jewish Home merely pled that the insurer refused to defend or indemnify the third-party plaintiff and that the conduct of the insured does not constitute a breach of contract on behalf of the third-party defendant. Thus, Peter Mitchell argues that the fourth count should be stricken because the Jewish Home has pled an action for breach of the insurance contract by the insurer and not a breach of contract by Peter Mitchell.
The Jewish Home argues that the fourth count does state a cause of action upon which relief can be granted. The Jewish Home argues that Peter Mitchell's motion to strike the fourth count of its amended third-party complaint should be denied because in its amended third-party complaint it did allege that Peter Mitchell agreed to obtain insurance which would provide coverage to the Jewish Home for the loss claimed by the plaintiff and agreed to name the Jewish Home as an additional insured on the policy. Therefore, it is the defendant's position that the court is obligated to take its allegations as true, and deny Peter Mitchell's motion to strike the fourth count.
It is axiomatic that all well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, CT Page 11730 278, 550 A.2d 1073 (1988). In the present case the Jewish Home alleges in its fourth count that "the third-party defendant agreed to obtain insurance of the type and for a purpose which would provide coverage to the third-party plaintiff, which would cover the type of loss claimed by the plaintiff and would provide defense and indemnification for the third-party plaintiff." (Emphasis added.) (See amended third-party complaint, Count Four, paragraph 6, filed June 5, 1992.) The Jewish Home further alleged that the insurer's refusal to defend or indemnify the Jewish Home against the plaintiff's claim "constitutes a breach of contract by Peter Mitchell. . . ." (See amended third-party complaint, Count Four, paragraphs 9 and 10 filed June 5, 1992.) Thus, since the court must view the facts in a manner most favorable to the pleader, the Jewish Home has sufficiently pled a breach of contract claim and Peter Mitchell's motion to strike the fourth count of the Jewish Home's amended third-party complaint is denied.
Leheny, J.