[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # #121
On May 8, 1991, plaintiff, State Street Bank and Trust Company, brought this action against defendants, American Plastics Supply Company, Inc., and Fabricon Corporation, to recover on certain outstanding loans that defendants had guaranteed. Defendants filed an "answer, special defenses, set-offs and counterclaims" to plaintiff's revised complaint on February 4, 1992.
The defenses asserted by defendants include a lack of consideration for defendants' endorsement of the guaranty, and plaintiff's failure to seek repayment first from the borrowers. Defendants also raise plaintiff's failure to perfect or document its security interest in certain assets, or, in the alternative, plaintiff's failure to credit defendants for sums received from the sale of the collateral. In addition, defendants assert that plaintiff impaired the collateral, failed to dispose of the collateral in a commercially reasonable manner, and engaged in unfair and deceptive trade practices.
Plaintiff filed a reply to defendants' special defenses, set-offs and counterclaims on February 14, 1992.
On April 21, 1993, plaintiff filed a motion for summary judgment on the ground that it is entitled to judgment as a matter of law because defendants waived all defenses to payment pursuant to the terms of the guaranty. Plaintiff attaches an affidavit of Robert A. Baillargeon, an account officer of plaintiff bank, as well as various exhibits. Defendants filed a memorandum in opposition, dated August 9, 1993, and an affidavit of Robert O. Goulet, a shareholder, director and officer of the defendant corporations. Defendants have also attached several exhibits.
The following facts are summarized from plaintiff's supporting affidavit.
On September 15, 1989, a series of loan documents were executed by plaintiff and various other parties. Robert O. Goulet and Robert L. Goulet ("the Goulets"), executed a term note, in which they jointly and severally promised to pay plaintiff the principal sum of $500,000 with interest; Goulet Associates executed a mortgage note, in which it promised to pay CT Page 7751 plaintiff the principal sum of $700,000 with interest; and Robert O. Goulet, in his capacity as president of Adams Pakkawood Corporation, executed a revolving credit note, in which he promised to pay plaintiff the principal sum of $800,000 with interest. (Plaintiff's Affidavit, paras. 3, 4, 5; Plaintiff's Exhibits A, B, C). On the same date, defendants executed a guaranty, in which defendants guaranteed the payment and performance obligations of the borrowers under the aforementioned three notes. (Affidavit, para. 6; Exhibit D)
In addition, plaintiff, as the secured party, and defendants, as debtors, entered into a security agreement.[1] The security agreement provided that defendants would provide collateral to secure repayment of the notes, and that defendants would grant plaintiff "a continuing security interest in all assets of the Debtor." Each of the aforementioned loan-related documents specified it would be governed by the laws of the Commonwealth of Massachusetts.
Baillargeon further attests that" [o]n and prior to August 20, 1990" the borrowers defaulted on certain obligations under the terms of the loan documents. Plaintiff made demand upon defendants for all amounts due under the notes and the guaranty, (Affidavit, para. 7; Exhibit E), and, despite repeated demands, defendants have failed to make payment. (Affidavit, para. 7).
In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties"; (citation omitted) Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985); and summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Hammer v. Lumberman's Casualty, 214 Conn. 573, 578,573 A.2d 699 (1990).
"`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . .'" (citation omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted.) Id., 246. CT Page 7752
Plaintiff contends that it is entitled to summary judgment because defendants have waived all defenses to payment pursuant to the terms of the guaranty. In addition, plaintiff maintains that a defense based upon an alleged failure of consideration is unavailing. Plaintiff emphasizes that defendants are entities related to and controlled by the Goulets, and that the benefits of the loan guaranteed by defendants inured to all of the related Goulet enterprises. Finally, plaintiff maintains that defendants failed to meet their burden of demonstrating that plaintiff has impaired the subject collateral or failed to administer the loans in accordance with the loan documents. During oral argument, plaintiff informed the court that it was not raising the issue of the sufficiency of defendants' defenses, but that it was relying on the ground that it was entitled to summary judgment due to defendants' waiver of their defenses.
Defendants counter that genuine issues of material fact exist concerning plaintiff's wrongful and fraudulent conduct, plaintiff's breach of certain express and implied covenants, and plaintiff's unfair and deceptive trade practices. Defendants contend that issues of material fact also exist with respect to plaintiff's unfair and deceptive trade practices. Defendants contend that issues of material fact also exist with respect to plaintiff's tortious interference with business relationships, plaintiff's bait and switch tactics, plaintiff's wrongful liquidation of collateral, and plaintiff's failure to deal with the collateral in a commercially reasonable manner.
A review of the guaranty document reveals that it does contain waiver provisions. The guaranty provides, in pertinent part, that:
 This Guaranty shall be continuing and shall not be discharged, impaired or affected by . . . any right of setoff, counterclaim or defense (other than payment in full of the Loans and the performance or the obligations in accordance with the terms of the Term Note, the Mortgage Note, the Revolving Credit Note and the Loan Documents that the Guarantors may or might have to their respective undertakings, liabilities and obligations hereunder, each and every such defense being hereby waived by the Guarantors.
(Plaintiff's Exhibit D, para. 5). Plaintiff interprets this provision as a waiver of all defenses, including defenses CT Page 7753 concerning the collateral.
Generally, waivers of defense provisions contained in guaranties are enforceable in Massachusetts. (citations omitted.) In Re Fordham, 130 B.R. 632, 643 (Bkrtcy. D. Mass. 1991). However, waivers of rights are not enforceable "where there is an express legislative provision to preclude waiver of the rights at issue." Shwmut [Shawmut] Worcester County Bank v. Miller,398 Mass. 273, 496 N.E.2d 625, 629 (1986).
In Shawmut Worcester County Bank v. Miller, supra, a bank, as a secured party, brought an action to recover a deficiency judgment from defendant guarantors. Id., 626. In their answer the guarantors raised the defense that the bank did not handle or dispose of the collateral in a commercially reasonable manner. Id. The trial court granted summary judgment in favor of the bank on the ground that, pursuant to the terms of the guaranty, the guarantors had waived any defenses relating to the disposition of the collateral. Id. The guarantors appealed, arguing that under the Massachusetts Uniform Commercial Code "guarantors cannot waive their rights to challenge the commercial reasonableness of the handling and disposition of collateral by the secured party." Id. The Supreme Judicial Court of Massachusetts examined the relevant statutory provisions, and concluded that "to the extent the language of the guaranty agreements signed by the defendants constitutes a waiver of the guarantors' rights to raise any defense to the sale of the collateral, it is ineffective due to the provisions of 9-501 (3)(b)." Id., 629.
The Massachusetts Uniform Commercial Code provides, in relevant part that, "[a] secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing." G.L. c. 106 9-504 (1). The Code further provides that "[e]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." G.L. c. 106, 9-504 (3). Pursuant to G.L. c. 106 9-501 (3)(b), the provisions of 9-504 (3) may not be waived or varied, "[t]o the extent that they give rights to the debtor and impose duties on the secured party. . . ."
In the present case, as previously indicated, plaintiff and defendants entered into a security agreement whereby defendants agreed to provide certain collateral to secure repayment of the CT Page 7754 borrowers' obligations under the loans, and defendants granted plaintiff a continuing security interest in certain assets. Although defendants assert that plaintiff failed "to properly perfect or document its security interest in the assets of Adams Pakkawood," defendants have not offered any evidence in support of this contention, nor has plaintiff offered any evidence in rebuttal, (other than a general denial in its reply to defendants' special defenses, set offs and counterclaims). The plaintiff does not rely on the issue of perfection in its motion for summary judgment.
Article 9 of the Massachusetts Uniform Commercial Code applies, with certain exceptions "to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts . . . ." G.L. c. 106 9-102. Accordingly, it appears that Article 9 governs this transaction. Article 9 expressly precludes waiver of the right to raise a defense concerning the sale of collateral; see G.L. c. 106 9-501 (3)(b); therefore, to the extent that the language of the guaranty "constitutes a waiver of the guarantors' rights to raise any defense to the sale of the collateral, it is ineffective due to the provisions of 9-501 (3)(b). See Shawmut Worcester County Bank v. Miller, supra, 629.
Therefore on the basis of the issues as framed by plaintiff at oral argument, the plaintiff is not entitled to judgment as a matter of law, and accordingly the motion for summary judgment is denied.[2]
Bruce W. Thompson, Judge