DOMINIC J. ORTICELLI *v.* SUZANNE POWERS ET AL.
(12198)

HEALEY, SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 12—decision released July 23, 1985

*Donald A. Mitchell,* for the appellant-appellee (plaintiff).

*Richard A. Johnson,* with whom was *C. Harold Schwartz,* for the appellees-appellants (defendants).

CALLAHAN, J. The plaintiff, Dominic Orticelli, brought this action on July 6, 1981, pursuant to the federal Civil Rights Act of 1871; 42 U.S.C. § 1983; against the defendants, the town of Bethel's board of education and its members (hereinafter referred to as the board), seeking monetary damages and injunctive relief for the wrongful termination of his teaching contract, allegedly on July 1, 1978. The trial court rendered summary judgment for the board on the grounds that there was no genuine issue of material fact as to when the plaintiff's cause of action accrued and that his cause of action was barred by both the two year statute of limitations contained in General Statutes § 7-101a (d) and the three year statute of limitations contained in General Statutes § 52-577. The plaintiff appeals from that judgment and claims that the trial court erred in (1) finding that no genuine issue of material fact existed with respect to the running of the applicable statutes of limitation; (2) applying General Statutes § 7-101a (d) as a bar to his cause of action; and (3) applying Gen-

eral Statutes § 52-577 as a bar to his cause of action when it was not raised as a special defense by the defendants. The defendants in their cross appeal claim that the trial court erred in (1) failing to find, as a matter of law, that the plaintiff abandoned his position and was not terminated; and (2) failing to find, as a matter of law, that the plaintiff's cause of action, if any, accrued on or about February 15, 1978. Because we find error in the trial court's application of General Statutes §§ 7-101a and 52-577 as barring the plaintiff's cause of action, it is unnecessary to address the factual issues raised in the plaintiff's first claim or in the defendants' claims on their cross appeal.[1]

I

The plaintiff claims that the trial court erred in applying the time limitations of General Statutes § 7-101a (d) as a bar to his cause of action. The trial court concluded that the applicability of General Statutes § 7-101a (d) to a cause of action under 42 U.S.C. § 1983 was "somewhat questionable." It went on to find, however, that the limitation and notice provisions of § 7-101a (d) had not been complied with and that the plaintiff's cause of action was therefore barred under § 7-101a (d). We find that General Statutes § 7-101a is an indemnification statute and that the notice and time limitation provisions contained in § 7-101a (d) have no application to the plaintiff's 42 U.S.C. § 1983 action.

General Statutes § 7-101a (a) mandates that municipalities "protect and save harmless any municipal offi-

---

[1] Our mention of the defendants' cross appeal should not be understood to sanction it, since the defendants were not aggrieved by the judgment of the trial court which was rendered in their favor. See Practice Book § 3003. Practice Book § 3012 (a) provides in relevant part: "If the appellee wishes to present for review alternate grounds upon which the judgment may be affirmed . . . he may file a preliminary statement of issues within fourteen days from the filing of the appeal." The defendants did file such a preliminary statement of issues, which included those claims raised in their cross appeal. This was the proper appellate procedure in this case, rather than the filing of a cross appeal.

cer, whether elected or appointed, of any board . . . of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties."[2] Subsection (b) provides that "[i]n the event such officer or employee has a judgment entered against him for [mali-

[2] "[General Statutes] Sec. 7-101a. PROTECTION OF MUNICIPAL OFFICERS AND FULL-TIME MUNICIPAL EMPLOYEES FROM DAMAGE SUITS. REIMBURSEMENT OF DEFENSE EXPENSES. LIABILITY INSURANCE. TIME LIMIT FOR FILMS. NOTICE. (a) Each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, or any full-time municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

"(b) In addition to the protection provided under subsection (a) of this section, each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any such municipal officer or full-time municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for such act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.

"(c) Each such municipality may insure against the liability imposed by this section in any insurance company organized in this state or in any insurance company of another state authorized to write such insurance in this state or may elect to act as self-insurer of such liability.

"(d) No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."

cious, wanton or wilful or ultra vires acts] in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense . . . ." Subsection (d) contains a time limitation on such actions which states that "[n]o action shall be maintained *under this section* against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action . . . has been filed with the clerk of such municipality within six months after such cause of action has accrued." (Emphasis added.)

The plaintiff's cause of action was not maintained under General Statutes § 7-101a. Rather it was a direct action against the board and its members pursuant to 42 U.S.C. § 1983. Although the defendants concede that General Statutes § 7-101a does not specifically authorize a civil rights action against a municipal employee, they argue that the limitation period is expressly made applicable to the plaintiff's action against the municipal employees by the phrase in General Statutes § 7-101a (d) which reads "[n]o action shall be maintained . . . *against such . . . employee* . . . ." (Emphasis added.) They reason that the legislature intended by the inclusion of this phrase that the coverage of the statute should be broader than the indemnification action, and that the two year period should apply both to the original claim against the municipal employee and any indemnification action by the municipal employee against the town. We disagree.

A primary rule of statutory construction is that if the language of the statute is clear, it is presumed that the words express the intent of the legislature. *State* v. *Smith,* 194 Conn. 213, 222, 479 A.2d 814 (1984); *Gomeau* v. *Forrest,* 176 Conn. 523, 526, 409 A.2d 1006 (1979). The court must interpret the statute as written; *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433

A.2d 1009 (1980); and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. *Peck* v. *Jacquemin,* 196 Conn. 53, 63, 491 A.2d 1043 (1985); *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 605, 436 A.2d 271 (1980). By its terms, General Statutes § 7-101a (a) is a provision in this indemnification statute which protects municipal officers and full-time municipal employees from financial loss and expenses arising out of damage suits, including civil rights suits. See *Ahern* v. *New Haven,* 190 Conn. 77, 79–81, 459 A.2d 118 (1983). Subsection (d) of General Statutes § 7-101a specifically limits its application to actions maintained under General Statutes § 7-101a. The phrase "or employee" in § 7-101a (d) does not broaden the application of the time limitation provision to the direct action brought against a municipal employee, because such an action is not one which is maintained under § 7-101a. Rather, it refers to and places a time limitation on the action a municipality can take against an employee for reimbursement of defense expenses pursuant to General Statutes § 7-101a (b) in cases involving malicious, wanton and wilful or ultra vires acts of municipal officers and employees. A plain reading of the whole statute indicates that the limitation and notice provisions of § 7-101a (d) are applicable only to actions for indemnification maintained under § 7-101a (a) and to an action for reimbursement of defense expenses pursuant to § 7-101a (b). We therefore find error in the trial court's application of General Statutes § 7-101a (d) as a bar to the plaintiff's civil rights action.

## II

The plaintiff's second claim is that the trial court erred in concluding that General Statutes § 52-577 is a bar to his cause of action when the defendants had not specially pleaded that provision. The trial court indi-

cated in its decision that General Statutes § 52-577 was more likely the operative statute of limitations in a 42 U.S.C. § 1983 action, and it concluded that the plaintiff's legal claim for damages and his equitable claims were barred by this provision. The court did not address the defendants' failure to plead this statute as a special defense to the plaintiff's cause of action.

The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary judgment. Practice Book § 379. In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Practice Book § 384. Where the trial court wishes to raise a statute of limitations issue which has not been raised by the parties, the question becomes whether the limitation is considered procedural or jurisdictional. See *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 513, 356 A.2d 144 (1975); *Hillier* v. *East Hartford,* 167 Conn. 100, 355 A.2d 1 (1974); *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 325 A.2d 259 (1973). The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. See Practice Book §§ 164, 109A; *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* supra, 511. This is so because it is considered that the limitation acts as a bar to a remedy otherwise available. Id. In these instances, a trial court may not raise the limitation on its own motion. Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver. See Practice Book § 145; *L.G. DeFelice & Son, Inc.* v. *Wethersfield,* supra.

Applying this analysis to the present case leads to the conclusion that General Statutes § 52-577 is procedural, not jurisdictional, and thus may be waived. There is no limitation provision contained in 42 U.S.C. § 1983 setting forth a time period within which the right must be enforced. See *Wilson* v. *Garcia,* 471 U.S. 261, 266–67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Where Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local limitation if it is not inconsistent with federal law or policy to do so. The length of the limitations period, and related questions of tolling and application, are to be governed by state law. Id. The trial court stated in its memorandum of decision that the three year statute of limitations contained in General Statutes § 52-577 has been held as the operative statute of limitations in a § 1983 action. See *Williams* v. *Walsh,* 558 F.2d 667, 670–71 (2d Cir. 1977); *Members of Bridgeport Housing Authority Police Force* v. *Bridgeport,* 85 F.R.D. 624, 637 (D. Conn. 1980). While this is true, it does not obviate the need specially to plead the statute as a special defense. See Practice Book §§ 164, 109A. The limitation contained in § 52-577 is a general limitation on actions founded upon tort.[3] The statutory cause of action under 42 U.S.C. § 1983 and the limitation contained in General Statutes § 52-577 were created at different times by different authorities. See *Diamond National Corporation* v. *Dwelle,* supra, 544. Moreover, the limitation in § 52-577 does not contain words of condition, nor is it directed to the civil rights liability so specifically as to warrant holding that it qualifies the right of action under 42 U.S.C. § 1983. Id. We therefore find error in the trial

---

[3] The Supreme Court held in *Wilson* v. *Garcia,* 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), that 42 U.S.C. § 1983 actions are best characterized as personal injury actions for the purpose of determining the applicable statute of limitations.

court's raising the issue sua sponte and applying it to bar the plaintiff's cause of action.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.