[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an incident which occurred on April 20, 1988, when James Francis Smith, who was operating a truck, traveled over a private rail crossing that led to the premises of third-party defendant WhyCo Chromium ("WhyCo"). As Smith was traveling over the rail crossing, which was owned by WhyCo, he was struck by a railroad freight train that was owned by defendant Boston and Maine Corporation and operated by defendant Marc Belliveau.
Plaintiffs, William E. Espowood, Conservator of Smith's estate, and Barbara Elaine Smith, Smith's spouse, commenced this CT Page 6784 action on May 8, 1989 against defendants Springfield Terminal Railway Company, Boston and Maine Corporation and Marc Belliveau (the "railroad defendants"), and against defendants Town of Thomaston, Eugene McMahon, and Richard Thompson (the "municipal defendants").
The municipal defendants filed a motion for summary judgment on January 11, 1993 as to counts two, three and four of plaintiff's revised complaint. Plaintiffs filed a memorandum in opposition to the municipal defendants' motion on June 11, 1993 and the railroad defendants also submitted a memorandum in opposition to the motion on the same date. Initially the municipal defendants argued, in relevant part, that General Statutes 13b-292 did not impose a statutory duty on them. In addition, they argued that even if the statute did impose an affirmative duty on them, no liability would attach under the doctrine of governmental immunity. At oral argument June 14, 1993, the municipal defendants requested and were given the opportunity to file a reply brief in response to the memoranda in opposition. In their reply brief dated June 28, 1993, the municipal defendants withdraw the argument that General Statutes13b-292 "does not impose a legal duty upon the municipal defendants under the facts and circumstances of this case." (Municipal Defendants Reply Brief, dated June 28, 1993, pp. 1, 3). The defendants now characterize the issue before the court as follows:
 Even if it is assumed, arguendo, the C.G.S. [section] 13b-292 imposes the duty asserted by the plaintiffs in their complaint and in their opposition to the defendants' Motion for Summary Judgment, any liability for the breach of such a duty on the part of the moving defendants is barred by the doctrines of statutory and common law municipal immunity.
Defendant's Reply Brief, dated June 28, 1993, p. 4.
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking CT Page 6785 summary judgment has the burden of showing the nonexistence of any material fact. . . .'" (Citation omitted). Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citation omitted.) Id., 246.
The threshold issue is the determination of whether or not the defendants owed a duty to the plaintiffs.
"The law does not recognize a `duty in the air'"; (internal citations omitted). Gordon v. Bridgeport Housing Authority,208 Conn. 161, 171 544 A.2d 1185 (1988). "The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.) Id. 171.
In the instant action, the municipal defendants have withdrawn the issue of whether General Statutes 13b-292 imposes a duty upon the municipal defendants to erect traffic control devices at the subject crossing. In addition, defendants assert that "[t]his issue now requires additional discovery before trial." (Defendants' Reply Brief, dated June 28, 1993, p. 3). Defendants claim that they withdrew this issue "in order to narrow the issues presented to the court by the municipal defendants' motion. . . ." The defendants emphasize that they are not requesting the court to "specifically decide whether the statute may properly be interpreted to impose a duty upon the municipal defendants. . . ." Id., p. 3. However, despite defendants' contention that this threshold issue requires "additional discovery before trial," defendants are asking the court to proceed to a determination as to whether or not such a duty, if it exists, would be discretionary or ministerial.
"In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). The issue of whether a duty exists is no longer before the court. In the absence of this threshold issue, the court cannot determine whether a duty is discretionary or ministerial.
Accordingly, the municipal defendants' Motion for Summary CT Page 6786 Judgment is denied.
Richard J. Stanley, Judge