[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the first count of his complaint, the plaintiff (Goodman) alleges that his vehicle was struck by a vehicle operated by defendant Michael Hickey (Hickey) and owned by the defendant Agency Rent-A-Car, Inc ("Agency"). The plaintiff alleges that the vehicle was leased by Agency to the defendant Wong Ching Kwok.[1]
In the second count, Agency is alleged to be liable for the plaintiff's injuries under General Statutes § 14-154a.[2] Agency has moved for summary judgment, arguing that it is not liable under § 14-154a because Hickey was not an authorized driver under the rental agreement. In support of summary judgment, Agency submitted an affidavit of its associate corporation counsel and a copy of a rental agreement. The plaintiff filed an objection, also relying on the rental contract.
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). "In deciding a motion for summary judgment the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties. Practice Book § 384." Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023
(1985).
In Pedevillano v. Byron, 231 Conn. 265, 270, ___ A.2d ___ CT Page 3684 (1994), the supreme court construed General Statutes § 14-154a
"`as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the terms of the contract ofrental.'" (Citations omitted; emphasis added.) Accordingly, the lessor is not liable for accidents caused by the negligence of an operator not authorized to operate the vehicle under the terms of the rental contract. See Id., 270.
In the present case, the copy of the rental agreement submitted by Agency contains a section entitled "ADDITIONAL DRIVERS." The section reads as follows:
 Renter may permit the following person(s) to operate this vehicle. If they currently possess a valid driver's license and are over the age of eighteen. THE RENTER AGREES TO ACCEPT FULL RESPONSIBILITY FOR ALL ACTS OF ANY ADDITIONAL DRIVER(S). . . . Additional drivers . . . will be charged $ [/s/ 2.99] per day of rental. . . . PAYMENT FOR ADDITIONAL DRIVERS IS THE RESPONSIBILITY OF THE DRIVER. ADDITIONAL DRIVERS BETWEEN THE AGES OF 18 AND 20 MUST BE LISTED BELOW. The renter's spouse will not be charged as an additional driver.
Underneath this text there is a printed box entitled "Additional Drivers." Inside the box there is printed the terms "Yes" or "No," with spaces following these terms in which the lessee is to sign his or her initials depending upon whether or not he or she wishes to authorize additional drivers. On the copy of the agreement, the word "No" and the space following it has been circled. Below this section, there is a the printed word "Name" and a space following it for listing the additional drivers as required by the above-quoted text. In this space appears the handwritten letters "W C K". In the portion of the contract listing the total rental charges for the contract, there is a section for including the fees for additional drivers. No additional charges were listed in this section and the total charges indicate that Kwok was not charged for additional drivers.
The defendant also submitted the affidavit of Lisa Crissman, an associate corporation counsel for Agency. She avers that she has first hand knowledge of the procedures and CT Page 3685 contracts employed by Agency for renting automobiles. She avers that the operation of the leased vehicle by persons other than the lessee is not permitted except upon specific election in the rental agreement and payment of an additional fee. She also avers that the lessee's initials in the "Renter's Initials Box" indicates that Mr. Kwok did not elect to have additional authorized drivers under the terms of the lease.
Based on this evidence, Agency argues that Mr. Kwok did not elect to have additional drivers authorized to operate the vehicle. Therefore, Agency argues that it is not liable under General Statutes § 14-154a for the accident allegedly caused while Hickey was operating the vehicle, because Hickey was not an authorized driver under the terms of the lease. Pedevillanov. Bryon, supra, 231 Conn. 270-71.
The plaintiff, however, argues that a genuine issue of material fact exists with respect to Kwok's intent to authorize additional drivers under the lease agreement, due to the manner in which the additional drivers provision of the rental agreement was executed. The plaintiff notes that in the box for authorizing additional drivers, the section reading "No" is circled and the initials are below in the space for enumerating additional drivers, rather than in the space directly following the word "No." The plaintiff therefore argues that the manner of executing the additional drivers provision raises the issue of whether additional drivers were authorized under the rental agreement, thus precluding summary judgment. The plaintiff also argues that a genuine issue of fact exists with respect to whether Kwok himself actually circled the blank space.
Agency has submitted a copy of the rental agreement apparently executed by Kwok. Agency has also submitted the affidavit of Attorney Crissman, who avers personal knowledge with respect to the procedures utilized by Agency for executing rental contracts and authorizing additional drivers thereunder, but does not claim personal knowledge concerning the execution of the contract. Crissman avers that a lessee authorizes additional drivers under the terms of the lease agreement by signing his or her initials in the space following the word "yes" in the "Renter's Initials Box" and paying an additional fee. According to Crissman, the copy of the executed contract indicates that Kwok did not sign his initials in the space marked "yes," nor was he charged for the additional driver fee, which would indicate that he authorized additional drivers under CT Page 3686 the terms of the rental agreement.
"A `material fact' has been defined simply as a fact which will make a difference in the result of the case." (Citations omitted.) State v. Goggin, 208 Conn. 616. Although Goodman did not submit any documentary evidence to substantiate his argument that Kwok intended to authorize additional drivers under the terms of the lease agreement, it was not his burden to do so, and a question of fact also remains as to whether Kwok actually circled the space marked "No".
The manner in which the additional driver provisions of the contract were executed creates a material issue of genuine fact with respect to whether additional drivers were authorized under the terms of the rental agreement. "In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the non-moving party." Connecticut Bank Trust v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). "The movant [on summary judgment] must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 608, 616, 546 A.2d 250
(1988).
 "The intention of the parties to a contract is to be determined from the language used, interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." . . .
(Citations omitted.) Barnard v. Barnard, 214 Conn. 99, 109-10,570 A.2d 690 (1990). Construed most favorably, the fact that Kwok did not initial the section marked "No" for authorizing additional drivers demonstrates that a question of fact exists with respect to the authorization of additional drivers under the terms of the agreement. Neither the representative of Agency executing the contract or Kwok gave any evidence as to the circumstances of the execution of the contract. In these circumstances, the court will deny the motion for summary judgment.
/s/ McDonald, J. McDONALD CT Page 3687