[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Where the insurance policy issued by the defendant was a "claims made" policy, which only provided coverage for "claims made" against the plaintiff during the effective dates stated in the policy, was the filing of a statutorily required "NOTICE OF INTENT TO SUE" (NOTICE) upon the plaintiff or the subsequent filing of a complaint pursuant to that notice the "claim" within the meaning of the insurance policy?
The court finds that the statutory NOTICE was a "claim" within the meaning of the insurance contract between the parties. Therefore, since this NOTICE was a "claim" filed prior to the effective date of the insurance policy issued to the plaintiff, the defendant was not obligated to provide any coverage. Therefore, the defendant's motion for summary judgment should be granted and the plaintiff's cross-motion for summary judgment should be denied.
FACTS
The plaintiff, City of New London, commenced the present action by filing a complaint in three counts on October 20, 1994. The plaintiff alleges that it contracted with the defendant, General Star Indemnity, for a "claims made" insurance policy regarding public officials liability, effective from July 1, 1993 through July 1, 1994, and that under this policy the defendant was obligated to indemnify the plaintiff for damages, up to the policy limits, and to provide legal defense in any action resulting from "claims made" during the effective dates of the policy. The plaintiff further alleges that Melvin Jetmore (Jetmore), a former employee of the plaintiff, filed a lawsuit against the plaintiff alleging official misconduct on March 21, 1994, that this lawsuit was commenced during the effective period of the policy, that the plaintiff had paid all its premiums up to this time and duly notified the defendant of the pending action, but that the defendant has refused and continues to refuse to defend the plaintiff, and denies that it may be liable for any damages arising out of the aforementioned lawsuit. The plaintiff CT Page 12897 alleges in Count I that the defendant's actions constitute a breach of the parties' contract, in Count II that they constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA) and in Count III that they violate Connecticut Unfair Insurance Practices Act (CUIPA).
The defendant filed its amended answer with special defenses on March 14, 1995. The defendant denied liability under the policy on the grounds that the statutory NOTICE filed by Jetmore on June 1, 1993, was the "claim" within the meaning of the insurance contract, and that it was made prior to the effective dates of the policy. Thereafter, on June 20, 1995, the defendant filed a motion seeking summary judgment on all counts of the plaintiff's complaint on these same grounds. On July 12, 1995, the plaintiff filed a cross-motion for summary judgment and an objection to the defendant's motion. Pursuant to Practice Book § 380, both parties submitted appropriate memoranda of law and other supporting documents.[1] On July 31, 1995, the defendant filed a memorandum in opposition to the plaintiff's cross-motion and in reply to the plaintiff's objection to its motion.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. (Alterations in original.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, ___ A.2d ___ (1995). "[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelliv. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985).
In the present case, there is no dispute between the parties that the effective period of the insurance policy was July 1, 1993 through July 1, 1994, or that the defendant was only obligated to indemnify the plaintiff or to provide legal services for "claims made" during the effective dates of the policy. The essence of the defendant's argument in support of its motion is that it is not obligated under the terms of the policy, because the NOTICE filed by Jetmore on June 1, 1993, was a "claim" within the meaning of the policy language, and that this occurred one CT Page 12898 month before the effective date of the policy. The essence of the plaintiff's argument in support of its cross-motion, on the other hand, is that the defendant is obligated under the policy, because there was no "claim" within the meaning of the policy until Jetmore filed the complaint commencing his civil action against the plaintiff on May 21, 1994, and that this was within the effective period of the policy. Therefore, the dispute between the parties rests solely on the meaning of the term "claim" within the meaning of the insurance contract.
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy. . . . Unlike certain other contracts, however, where absent statutory warranty or definitive contract language the intent of the parties and thus the meaning of the contract is a factual question . . . construction of a contract of insurance presents a question of law for the court." (Citations omitted, emphasis added.) Aetna Life Casualty Co. v.Bulaong, 218 Conn. 51, 58, 588 A.2d 138 (1991). "A policy of insurance is to be interpreted by the same general rules as those governing the construction of any written contract. . . . If the insurance coverage is ambiguous, such ambiguity will be resolved against the insurer. . . . We may not, however, indulge in forced construction ignoring provision [of the policy] . . . and we must give the natural and ordinary meaning to plain and unambiguous language in the provisions of an insurance contract." (Alteration in original, citations omitted, internal quotation marks omitted.) Kent v. Middlesex Mutual Assurance Co., 226 Conn. 427,436 n. 13, 627 A.2d 1319 (1993). "[I]f the wording is open to two or more reasonable constructions, the clause must by familiar principles, be construed against the [defendant]. . . ."; BurritMutual Savings Bank v. Transamerica Insurance Co., 180 Conn. 71,78, 428 A.2d 333 (1980);, but "words do not become ambiguous simply because lawyers or laymen contend for different meanings. . . ." (Citation omitted, internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,584, 573 A.2d 699 (1990). Furthermore, "[c]ontracts of insurance . . . must be read pursuant to the law existing when they were entered into . . . because it is presumed that the parties bargained with each other on the basis of existing law. (Citations omitted, emphasis added.) Aetna Casualty Surety Co.v. Lighty, 3 Conn. App. 697, 701, 491 A.2d 1118 (1985).
The statutory requirement under C.G.S. § 7-101a(d) that CT Page 12899 no individual may maintain an action for damages against any municipality or its officers for official misconduct without first giving written notice of their intent to do so is presumed to have been contemplated by the parties when they entered into the contract. Aetna Casualty Surety Co. v. Lighty, supra,3 Conn. App. 701. Section I-COVERAGE, subsection (b), of the policy issued to the plaintiff states that "[t]his insurance appliesonly if a claim for damages . . . is first made against any insured during the policy period." (Emphasis added.). Subsection (b)(1) of the same section states specifically that "[a] claim by a person or organization seeking damages will be deemed to havebeen made when notice of such claim is received and recorded by any insured or by us, whichever comes first." (Emphasis added.). This language, is unambiguous. See Aetna Life Casualty v.Bulaong, supra, 218 Conn. 58.
The NOTICE filed by Jetmore specifically states that he "hereby gives notice to the [plaintiff] of his claim fordamages. . . ." for the misconduct of its officials. (Emphasis added.). This NOTICE was intended, let alone required by law, to warn the plaintiff that Jetmore claimed that he was entitled to damages and that he intended to file a future civil action to recover those damages. The plaintiff, could not have received a clearer "notice of a claim" than this, and this was the type of notice contemplated by the contract. There is no other way, by which an individual may give a municipality such as the plaintiff "notice" of their claim for damages against it and of their intent to bring a subsequent civil action to collect those damages. See C.G.S. § 7-101a.
In conclusion, the court finds that the NOTICE filed by Jetmore was "notice of a claim" within the meaning of § I(b)(1) of the insurance contract. Therefore, since this NOTICE was filed by Jetmore on June 1, 1993, one month before the effective date of the policy, and since this NOTICE was a "claim" within the meaning of the terms of the policy, the defendant is not obligated to indemnify the plaintiff nor provide legal services to it in regards to the civil action subsequently filed by him.
CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment is granted and the plaintiff's cross-motion for summary judgment is be denied. CT Page 12900
Hurley, J.