[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT JUDITH GIONET'SMOTION FOR ARTICULATION (NO. 121)
This court has denied this defendant's (Judith Gionet, hereafter referred to as defendant or Gionet) motion for summary judgment. The defendant now moves the court to articulate its reasons for such denial. The motion for articulation is granted as follows.
 I
The plaintiff's amended complaint (complaint) alleges that on CT Page 13158 November 27, 1991, she was a passenger in a vehicle operated by the defendant Christine Gionet. She further alleges that due to the negligence of the operator, their vehicle rear-ended another vehicle, causing the plaintiff to suffer serious injuries. The plaintiff also named as defendants in the action the Estate of Patricia Reilly (decedent), Kathleen Coleman (Coleman), individually and/or as administratrix of the decedent's estate, and the movant, Judith Gionet (Gionet), one of the decedent's heirs. The complaint further alleges that the defendants Coleman and Gionet, owned or had an interest in the vehicle at the time of the accident.
Subsequently, Gionet filed a motion for summary judgment (#114) claiming essentially that she did not "own" the vehicle at the time of the accident. Gionet and the plaintiff submitted memoranda of law and other documents in support of their respective positions[1]. Gionet's motion was denied on July 10, 1995. Gionet filed the present motion for articulation, seeking clarification of the courts earlier ruling.
 II
The court shall render summary judgment" forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. (Alteration in original.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
"[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15 (1985). "[T]he court [is] limited to deciding whether all issue exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour,186 Conn. 632, 647 (1982). The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06 (1994). Under this test, a motion for summary judgment should be granted only when "[the court] find[s] that [a] jury could not reasonably and legally . . . render another conclusion"; Krawczyk v. Stingle,208 Conn. 239, 244 (1988). "[A] summary disposition should be on evidence such that a jury would not be at liberty to disbelieve, and which would require a directed verdict for the moving party." CT Page 13159Batick v. Seymour, supra, 186 Conn. 647.
In her memorandum, Gionet asserts that, since the decedent's estate had not yet been distributed at the time of the accident, Coleman, the administratrix of that estate, and not Gionet, held legal title to the vehicle and, therefore, was the" owner" of the vehicle at the time of the accident. The plaintiff asserts that Gionet did not have to possess full legal title to be an"owner" of the vehicle in order for liability to attach for purposes of the present action. In any case, the plaintiff argues that whether Gionet was an "owner" of the vehicle is, at the very least, a question of fact.
"Whether the estate be testate or intestate, the legal title to real estate passes to the beneficiaries at once upon the death of the owner, while in the case of personal property the beneficiaries do not have full title or right of possession until distribution, which follows the payment of all debts and charges and the acceptance of the administration account by the court. (Emphasis added.) Greene v. King, 104 Conn. 97, 102 (1926).
 "In the case of personal property, the legal title passes to the executor or administrator, but he holds it under a quasi trust for those entitled to it; and at death they acquire a right to it which ripens into full title and enjoyment on distribution, subject, however, to diminution or destruction if necessary to pay claims on the estate or the expenses of administration. In the case of both real and personal property, the heirs, devisees or legatees at the decedent's death acquire definite rights, fixed in fact though capable of variation or destruction
by reasons of the charges which may be made against the property. These rights have been frequently been referred to by this court as `vested.' They are at least definite fixed rights subject only to certain burdens which in turn are fixed by law." (Emphasis added.) Parlato v. McCarthy, 136 Conn. 126, 132-33
(1949).
"The heirs and distributees are the beneficial owners of the property of the estate, subject to the payment of debts. The administrat[rix] holds the technical legal title only for purposes of administration." (Emphasis added.) Hotchkiss' Appeal,89 Conn. 420, 427 (1915). CT Page 13160
In the present case, the probate documents submitted by the plaintiff show that the decedent died on August 22, 1991, about three months before the accident, and that she died intestate leaving her father, Thomas E. Reilly, as her sole heir. These documents further show that Reilly made a written irrevocable and unqualified disclaimer of any interest in the decedent's estate on October 17, 1991, about one month before the accident. This disclaimer left Gionet and Coleman as the decedents sole heirs at law. The vehicle in which the plaintiff was injured was part of the decedents estate. It follows that as of October 17, 1991, Gionet acquired a vested right in personal property in the decedent's estate, including the vehicle. Gionet presents nothing to contradict any of this evidence, except her affidavit, which is conclusory on the issue of `ownership'. This vested interest, therefore, made Gionet an equitable or beneficial owner of that personal property, with her right to absolute title, actual possession and enjoyment, subject to diminution or destruction by the payment of the debts of the decedents estate and costs of administration. See also Hotchkiss' Appeal, supra, 89 Conn. 427. Therefore, Gionet held an equitable interest in the subject vehicle at the time of the accident in which the plaintiff was injured. The meaning of the term "ownership" or "owner" as it relates to motor vehicles in Connecticut has been stated as follows:
 [C]ourts, in numerous instances, have had occasion to construe the word `owner' as related to motor vehicles. The word `owner' is found in numerous statutes and has no commonly approved usage or fixed meaning, but must be interpreted in context and according to the circumstances in which it is used. . . .
 The term `owner' is one of general application and includes one having an interest other than the full legal and beneficial title. . . . The word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . . It is not a technical term and, thus, is not confined to a person who has the absolute right in a chattel, but also applies to a person who has possession and control thereof. . . . The term is broad enough to cover a tenant for years, a tenant for life, and a remainderman.
 This court has held that one may be the `owner' of a motor vehicle within the meaning of a statute, though another has strict legal title. . . . In otherCT Page 13161 cases we have held that the word owner includes both the legal and equitable owner and anyone having an interest in the automobile under a special title.
(Citations and internal quotation marks omitted; emphasis added.)Hope v. Cavallo, 163 Conn. 576, 580-81 (1972). Therefore, the meaning of the term "owner" is a matter of legal construction; however, it is dependent upon the facts and circumstances in which it is used.
At this point, the court has before it only limited evidence as to the state of the title of the vehicle[2] at the time of the accident, and no evidence at all as to who maintained "possession and control" of it at the time of the accident. It is evident, therefore, that there remains an issue of material fact as to whether Gionet was an "owner" of the vehicle at the time of the accident.
Teller, J.