[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONDEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#137)
The plaintiff, Sharon A. Doyle, filed a two-count complaint against the defendants, the City of Norwalk (city) Catherine Ruggiano and John Ruggiano, on January 16, 1995. On April 24, CT Page 7953 1995, Doyle filed an amended two-count complaint which alleges the following facts. On or about September 11, 1994, Doyle "was walking on the public sidewalk located on the side of Cove Avenue at a point in front of Six Cove Avenue when she was caused to fall because of the dangerous and defective conditions of the sidewalk." (Doyle's Amended Complaint #116, p. 1-2.) Doyle alleges that the defendants failed to exercise reasonable care with regard to the defective sidewalk and that, as a result of this failure, she fell and suffered various injuries.
Specifically, count one alleges that the city breached its statutory duty in that the area was defective, rendering it dangerous to pedestrian traffic; that the defective conditions existed for an unreasonable period of time; that the sidewalk was not reasonably safe; and that the defendant failed to exercise reasonable care in knowing and remedying the defective condition. Doyle alleges that the city is liable pursuant to General Statutes § 13a-149.
Count two alleges that the Ruggianos were the owners of the property at 6 Cove Avenue, Norwalk, Connecticut. As such, Doyle alleges that the Ruggianos are "responsible for the maintenance and condition of the sidewalk in front of and abutting their premises pursuant to the charter and ordinances of the City of Norwalk." (Doyle's Amended Complaint #116, p. 4.)
The city filed an answer and special defense on March 23, 1995. The city's special defense asserts that "Plaintiff's injuries, if any, were caused by the negligence of the Defendants John Ruggiano and Catherine Ruggiano." (Answer and Special Defense of the City of Norwalk #107, p. 2.) The Ruggianos filed an answer and special defense on March 28, 1995. The Ruggianos' special defense asserts that Doyle's injuries, if any, "were proximately caused as a result of her own carelessness and negligence." (Ruggianos' Answer and Special Defense #108, p. 1.) Doyle filed a reply to the city's special defense on March 28, 1995, claiming insufficient knowledge and leaving the city to its proof. Doyle filed a reply to the Ruggianos' special defense on April 5, 1995, denying the allegations of the special defense. None of the defendants have filed an amended answer or special defenses to the amended complaint.
On April 2, 1996, the Ruggianos filed a motion for summary judgment as to count two of Doyle's amended complaint. The city filed a memorandum of law in opposition to the motion for summary CT Page 7954 judgment on April 8, 1996. Doyle filed a memorandum of law in opposition to the motion for summary judgment on April 23, 1996.
"In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties." Orticelli v.Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202, 633 A.2d 1001 (1995).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Id.
The Ruggianos move for summary judgment on the ground that "they were under no duty to maintain the public sidewalk area where the plaintiff's incident is alleged to have occurred" and that "no genuine issue of material fact exists in this case." (Ruggianos' Motion for Summary Judgment, p. 1)[1] The Ruggianos argue that they owed no duty to Doyle under the Norwalk Charter/Ordinances and that the Charter/Ordinances are the sole basis for Doyle's allegations. The Ruggianos refer to Doyle's Response to Defendants' First Request for Admissions to support their claim that the charter and ordinances are the only basis for Doyle's allegations. (Ruggianos' Motion for Summary Judgment, Exhibit 1 (Exhibit 1).)
Doyle admitted the following statement: "8. The only basis for plaintiff's allegation in this case, as well as in her Amended Complaint dated April 21, 1995 that defendants John and Catherine Ruggiano were responsible for the maintenance and condition of the sidewalk in front of and abutting their premises . . . is pursuant to the charter and ordinances of the City of Norwalk, as so stated in plaintiff's Amended Complaint at Count Two . . . ." (Exhibit 1.) Doyle also admitted that her damages and injuries were "not caused by any paper, dirt, debris, filth, or other foreign matter within said sidewalk area." (Exhibit 1.) The Ruggianos contend that Norwalk Charter/Ordinance § 95-4, CT Page 7955 entitled Cleanliness of Sidewalks, is thus inapplicable to this case. Therefore, according to the Ruggianos, the only possible bases for Doyle's allegations are the remaining Norwalk Charter/Ordinances §§ 95-9, 1-442, 1-443, and 1-444.
The Ruggianos contend that "[i]t is established law within the State of Connecticut that an abutting land owner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his/her property in a reasonably safe condition for travel." (Emphasis in original.) (Ruggianos' Memorandum of Law, p. 4.) The Ruggianos claim that both Doyle and the city have admitted that they have no evidence of orders or notice to the Ruggianos with regard to sidewalk repair prior to Doyle's incident. (Ruggianos' Memorandum of Law, pp. 7-8.)
The Ruggianos also maintain that the charters and ordinances of Norwalk "do not expressly impose upon the property owner any liability to injured third parties such as plaintiff in this case. (Emphasis in original.) (Ruggianos' Memorandum of Law, p. 9.) Thus, the Ruggianos claim that even though they "may owe a duty to the city," the ordinances "do not create liability to the plaintiff in this case." (Ruggianos' Memorandum of Law, p. 9.) Therefore, the Ruggianos conclude that there is no genuine issue of material fact as to count two.
Doyle argues that "a material issue of fact exists as to whether or not any orders or notices concerning the condition of [the] sidewalk have been issued." (Doyle's Memorandum in Opposition to Summary Judgment #141, p. 3.) Doyle further claims that summary judgment is inappropriate because the Ruggianos "have not dispelled the issue of ownership of the subject sidewalk." (Doyle's Memorandum in Opposition #141, p. 5.)[2]
Doyle first contends that the Ruggianos erred in claiming that she or the city "admitted" that there were no orders or notices issued to the Ruggianos under the pertinent ordinances. (Doyle's Memorandum in Opposition #141, pp. 3-4). Doyle further argues that the city merely stated that they have not been able to locate any orders or notice to the Ruggianos. According to Doyle, the city could locate such orders and notices in the future; "[t]herefore, a material issue of fact exists as to whether or not any orders or notices concerning the condition of sidewalk have been issued." (Doyle's Memorandum in Opposition #141, pp. 3-4.) CT Page 7956
Second, Doyle argues that a "material issue of fact exists as to which Defendant is responsible for the maintenance of the sidewalk and liable for the injuries resulting from the failure to do so." (Doyle's Memorandum in Opposition #141, p. 4.) Doyle claims that the ownership of the public sidewalk is a material issue which defeats the motion for summary judgment under the case of Savaria v. City of Norwich, Superior Court, Judicial District of New London at Norwich, Docket No. 100304 (August 10, 1993, Mihalakos, J.). (Doyle's Memorandum in Opposition # 141, p. 4.)
The city argues in opposition to the Ruggianos' motion for summary judgment that the ownership of the public sidewalk is at issue. The city further claims that the Ruggianos are liable as abutting property owners or as owners of the property upon which Doyle fell. "It is the Defendant City's position that the Ruggianos are, as a matter of law, the fee `owners' of the land upon which the sidewalk is built. Therefore, the Defendant City maintains that, as `owners,' they are, at least in part, responsible for the maintenance of the sidewalk at common law." (City of Norwalk's Memorandum in Opposition 138, p. 5.)
The motion for summary judgment is denied. The court finds that a material issue of fact exists as to who is the owner of the premises, who controlled, who maintained and who possessed the premises on which the plaintiff fell.
KARAZIN, J.