[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Before the court is a motion for summary judgment filed on September 11, 1996, by defendant Charles Farricielli on the ground that the parental immunity doctrine bars the plaintiff's action against him. Because the court agrees with the defendant that the parental immunity doctrine bars the negligence complaint of his minor child against him, the motion is granted. The court holds that the parental immunity doctrine protects a divorced parent who has joint custody of a minor child even when physical custody is primarily with another parent. In her revised complaint, the plaintiff, an unemancipated minor, alleges that she visited overnight with her father, Charles Farricielli, on August 22, 1994, and was severely injured during a fire at his home in West Haven as a result of his negligence when both were required to jump to the ground to avoid the conflagration.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). The test for deciding a motion for summary judgment is "whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 106, 639 A.2d 507 (1994). "[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers,197 Conn. 9, 15, 495 A.2d 1023 (1985). CT Page 2346
In his memorandum of law in support of his motion for summary judgment, Farricielli argues that the plaintiff's action against him is barred by the doctrine of parental immunity. While acknowledging that there are some exceptions to the doctrine, he maintains that no such exceptions apply. Relying on Dubay v.Irish, 207 Conn. 518, 542 A.2d 711 (1988), he claims that the bar extends to actions for torts that occur in the family home. He also argues that the primary purpose of the doctrine, which is to preserve family harmony, is still served in spite of the divorced status of the plaintiff's parents because he has joint custody of his daughter. He relies on Mesite v. Kirchenstein, 109 Conn. 77,84, 145 A. 753 (1929), for the proposition that "[t]he obligation of the father . . . to care for guide, control and educate [his] child, and the reciprocal obligation of the child to serve and obey the parent, are essentials of the family relationship" and urges that to permit the child's suit would be to permit destruction of the family harmony that the parental immunity doctrine seeks to protect.
In opposition, the plaintiff counters that the doctrine does not apply to this case because the plaintiff's parents are divorced and the plaintiff resides with her mother. Although the Connecticut appellate courts have not yet addressed the issue of whether the doctrine of parental immunity applies to a non-custodial parent, the plaintiff urges this court to blaze that path by rejecting the doctrine in this action because family harmony will not be disturbed since the injury did not occur at the family home. She relies on case law from other jurisdictions as authority for her argument. The plaintiff also argues that the availability of liability insurance and the risk to the public at large are two other factors that the Connecticut Supreme Court has considered when creating exceptions to the parental immunity doctrine. She contends that both such factors exist in this case.
"Parental immunity was first recognized by Connecticut inMesite v. Kirchenstein, 109 Conn. 77, 145 A. 753 (1929)."Henderson v. Woolley, 230 Conn. 472, 478, 644 A.2d 1303 (1994). In Mesite v. Kirchenstein supra, the court stated that "the maintenance of an action of tort by a [unemancipated] child against his parents for injuries suffered through the negligent, wilful or wanton conduct of the parent is against sound public policy. . . ." Id. at 86. However, the doctrine has been modified since Mesite. General Statutes § 52-572c abrogates the immunity in actions for negligence in the operation of a motor CT Page 2347 vehicle, aircraft or vessel. The court also permits an unemancipated child to bring an action against a parent for negligent conduct at a business enterprise outside the home.Dzenutis v. Dzenutis, 200 Conn. 290, 300, 512 A.2d 130 (1986). One of the reasons for abrogating the parental immunity doctrine in the employment context is the availability of worker's compensation insurance to the parent employer in his or her business. The court has also held that "the purpose of the preservation of family harmony cannot justify immunity in the case of sexual abuse of a child by a parent." Henderson v.Woolley, supra, 230 Conn. 482. There the court reasoned the heinous nature of the parent's activity had already destroyed family harmony and the parent breached a duty owed to the public at large.
Aside from these three exceptions, the doctrine has remained unchanged. The court stated "we have recognized that the doctrine of parental immunity is particularly applicable in the area of parental supervision and discretion with respect to the care and control of a minor child." Squeglia v. Squeglia, 234 Conn. 259,269, 661 A.2d 1007 (1995). It went on to say that: "Even in those jurisdictions that have, in part, abrogated parental immunity on the basis of, inter alia, the existence of insurance, the overwhelming majority of them have specifically retained the doctrine in the area of parental supervision, or have at least recognized that the doctrine may have continued validity where the negligent act involves the exercise of ordinary parental discretion with respect to the care and control of a minor child." Id. quoting Dubay v. Irish, supra, 207 Conn. 526.
Here the alleged negligence of the father included jumping out of a second story window with his daughter to escape a fire in the home. The father's decision involved the care and control of his minor daughter and did not implicate a duty owed to the general public as noted in Henderson v. Woolley, supra. Furthermore, the father had joint custody of the minor plaintiff and the alleged negligence thus occurred in one of the plaintiff's family homes. The court finds that the doctrine of parental immunity acts as a bar to the plaintiff's action against her father. Summary judgment is granted in favor of the defendant Charles Farricielli as to the complaint of Lisa Ann Ascuitto ppa Ariana Gina Farricielli.
FLYNN, J. CT Page 2348