[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DECISION ON DEFENDANT KONTOUT'S MOTION FOR SUMMARY JUDGMENT
The defendant Nancy Kontout in 1991 was a senior sanitarian for the Pomperaug District Department of Health and engaged in actions involving the plaintiff's property which the plaintiff alleges caused her financial harm. Suit was filed in several counts by the plaintiff against Ms. Kontout. A motion to strike was previously granted in her behalf as to the ninth count and she has now filed a motion for summary judgment as to the remaining counts against her. The plaintiff does not contest and the court will therefore grant the motion as to the first count alleging negligence and as to the sixth count alleging equitable estoppel. The court will therefore deal with the claims in the motion for summary judgment as to the third count (misrepresentation), fifth count (42 U.S.C. § 1983
violation) and seventh count (breach of contract).
1. CT Page 12025
The defendant argues that the state claims are barred by sections 52-577, 52-584, and section 52-581 of the general statutes. The court will rely on the decision it made as to similar claims by the defendant Korowotny in his motion for summary judgment [see 20 CONN. L. RPTR. xxx, (February xx, 1998)].
But the court will also address a new issue raised by the plaintiff in opposition to the limitations defense as it applies to the misrepresentation count. The plaintiff states that under our law where the wrong alleged consists of a continuing course of conduct the statute of limitations does not run until the course of conduct is completed. She cites Giglio v. ConnecticutLight Power Co., 230, 241, 242 (1980) and Handler v. RemingtonArms Co., 144 Conn. 316, 321 (1957). The later case of Fichera v.Mine Hill Corp. 207 Conn. 204, 210 (1988) is cited for the proposition that: "Where there is either a continuing duty or later wrongful conduct of a defendant related to the prior act the statute of limitations does not commence with the first incident of wrongful conduct, and it is tolled while the conduct continues," p. 13 of 7/31/97 brief. The plaintiff alleges that Ms. Kontout made misrepresentations concerning the house and whether it had been only for seasonal use and continued to make these misrepresentations that it was only for seasonal use after 1991 up to 1993 and made the same claim before the Public Health Department in April of 1994. Yet, the defendant conceded in her deposition that if the house was a year-round dwelling the plaintiff could have demolished the house and rebuilt it using the same cesspool and without having to take any further steps. The defendant's not allowing the cesspool to be used was also based on a change of position and misrepresentation which commenced in April of 1991 and was made several times thereafter including April 1994 according to the plaintiff. If the plaintiff's continuing duty analysis is accepted, the state actions are not barred no matter what limitations statute is held to apply.
It is true that a "continuing course of conduct" may toll the statute of limitations. But in Fichera the court reviewed prior case law and limited to some extent the broad reach of that language. At 207 Conn. page 210 the court said:
 Where we have upheld a finding that a duty continued to exist after the cessation of the "act or omission" relied upon, there has been evidence of either a special relationship CT Page 12026 between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. See Giglio v. Connecticut Light Power Co., supra, 242 ("repeated instructions and advice given to the plaintiff by the defendant" concerning a furnace it had previously converted and left in a defective condition); Giambozi v. Peters, 127 Conn. 380, 385, 16 A.2d 833 (1940) ("[w]hen . . . injurious consequences arise from a course of treatment [by a physician], the statute does not begin to run until the treatment is terminated"); cf. Handler v. Remington Arms Co., supra (duty to warn of danger of a defective cartridge, "an inherently dangerous article," held to continue in existence until time of injury).
The Court appears to be saying that the statute is not tolled merely because the same tortious act, causing a specific type of damage, is repeated over a course of time thus permitting the damage to remain unalleviated. Such a view would dilute the policy objectives sought to be achieved by limitations statutes for no apparent purpose. The court seems to say that it is fair to have the "continuous course of conduct rule" operate where there is a fiduciary relationship or relationship between two parties so that one of the parties has an ongoing responsibility to right any wrongs he or she may have done or bring them to the injured party's attention — the latter party relying on the relationship of trust might very well not be as attentive to protecting his or her interests, thus the rigor of the limitations statutes should be relaxed. Also where a wrongdoer maintains a relationship with the injured party and engages in further wrongs related to the initial wrongful act the limitations statute should be relaxed because the very fact of the ongoing relationship may lull the wronged party into thinking his or her interests were being protected or that any earlier wrong was in fact being corrected. Also both of these concerns argue for relaxation of the limitations statute by the "continuing course of conduct rule" where there is a doctor-patient relationship — thus as Fichera notes it has been held when injury arises from a course of treatment by a doctor the statute does not begin to run until treatment is terminated. CT Page 12027
None of this reasoning, at least in the court's opinion, warrant the tolling of the statute of limitations in this case. The alleged misrepresentations led the plaintiff to buy the property and demolish the dwelling on it. The alleged misrepresentations from the time they were first made caused damage to the plaintiff and prevented rebuilding on the property. The defendant's position as to the alleged misrepresentations have been consistent and, to the plaintiff, continually harmful from the time they were first made.
According to the pleadings, by which these claims must be evaluated, the defendant merely made the same misrepresentations in different contexts to different entities or boards over a course of time but there was no ongoing relationship between plaintiff and defendant after the misrepresentations were first mace nor were the misrepresentations any different from the first misrepresentations made nor did they constitute an attempt by Kontout to correct or avoid any damages caused by an original misrepresentation or modify a misrepresentation in some way after objection to it had been registered. The damage accrued here when the stop orders were issued forbidding the construction of a new residence. Adversarial attempts to change or appeal that decision by the plaintiff cannot be permitted to toll the statute; otherwise the policies sought to be achieved by the limitations statutes would be abrogated by the very party who claims to have been wronged and against whose claim the statute was meant to run.
Nor does the fact that Kontout was a public official create that type of fiduciary relationship which would warrant tolling of the statute after the misrepresentation and stop orders were first made.
In effect the court solely relies on its reasoning in the Korowotny case for its decision on the statute of limitations argument as to the state claims and reaches the same result here as there.
2.
The defendant also argues that the statute of limitations bars the civil rights claim. Both sides agree that the applicable statute of limitations is section 52-577 for this § 1983 claim, Orticelli v. Powers, 197 Conn. 9, 16 (1985). The plaintiff argues that the § 1983 claim relates back to the original CT Page 12028 complaint; the plaintiff further argues that the statute is no bar because of federal law governing the accrual of actions, cfCornwell v. Robinson, 23 F.3d 697, 703 (CA2, 1994). The court concludes the claim is not barred by the limitations statute but will base its decision on what in its opinion is required by a liberal application of the so-called relation back doctrine. As noted in the Korowotny decision our court has in effect adopted the relation back doctrine as applied under Rule 15 (R) of the Federal Rules of Civil Procedure, Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239 (1980). That doctrine has been liberally applied in the federal courts. The whole purpose of the doctrine was to relax a rigorous application of statutes of limitations. Federal Practice Procedure, Wright, Miller Kane,
Vol. 61, § 1497 pp 70 et seq. The issue boils down to one of notice. An examination of the amended complaint indicates that the § 1983 claim in the fifth count relies on the very same facts relied upon by the plaintiff to make claims in other counts of the original complaint.
In Tiller v. Atlantic Coastline Railroad Company, 323 U.S. 574
581 (1945) the plaintiff amended the complaint after the limitations period had expired and added a claim based on the Federal Boiler Inspection Act to the original claim under the Federal Employer's Liability Act. The court held the amendment related back. The court said both claims "related to the same general conduct, transaction and occurrence which involved the death of the deceased." In Zagurski v. American Tobacco Company,
44 FRD (DC Conn. 1967), the original complaint was based on a negligent manufacture theory and implied warranties; the amended complaint claimed the defendant failed to warn the plaintiff of the dangers of smoking. In a case where it is not clear that the defendant was made aware in the original complaint of all the facts alleged in the later complaint the court went so far as to say "The defendant has had notice from the beginning that plaintiff is trying to enforce a claim for damages sustained from smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly," id p. 443.
To conclude the § 1983 claim relates back it is not even necessary to go as far as Zagurski, which is about as far as the federal cases seem to go. Here, the § 1983 claim finds its basis in the same facts alleged in the original complaint; thus the case is more like Tiller v. Atlantic Coast Line RailroadCompany supra, Also see Gurliacci v. Mayer, 218 Conn. 531, 546-549
CT Page 12029 (1991). Furthermore, this case is not like Sharp v. Mitchell,209 Conn. 59 (1988) — the same nexus of values sought to be protected by a negligence and misrepresentation claim are involved in the civil right claim and different facts, evidence and witnesses need not be provided by the defendant to face the § 1983 claim, see Gurliacci at p. 549.
The § 1983 claim relates back to the original complaint and as in Korowotny the fact that service was not made by the sheriff until May 31, 1994 does not require that the action be barred since the papers were delivered to the sheriff May 28, 1994, exactly three years after Kontout allegedly changed her position and issued the stop work order. In such circumstances § 52-593 (a) saves the action if service is made within fifteen days as it was here.
3.
The argument is also made that the contract claim which was not asserted in the original complaint does not relate back to that complaint and is thus barred by the three year statute of limitations of § 52-581. The original complaint is dated May 28, 1991. Although service was not made until May 31, 1994, for reasons previously stated, under § 52-593a the limitations statute is not violated here if the contract claim relates back.
The court concludes the contract claim does relate back and relies on its characterization of the contract claim mace in its Korowotny decision for this analysis. Applying the same liberal view of the relation back doctrine as stated earlier in this decision, that doctrine should apply here. The facts alleged in the original complaint provide sufficient notice that a contract or quasi-contract remedy could be asserted. The contract claim though made after the filing of the original complaint does not enmesh the defendant in the necessity to explore new facts, evidence or witnesses so that the concerns raised by Sharp v.Mitchell, supra, barring the application of the relation back doctrine in that particular case do not apply.
Because of the court's view, as set forth in the Korowotny decision, of the nature of the contract action being asserted there and here, the court will not address the second argument raised by the plaintiff that the six year statute of limitations applies (§ 52-576). That is, the plaintiff argues that although the "agreement" here was oral, the three year statute CT Page 12030 only applies to executory contracts while § 52-576 applies to all other oral contracts. There is merit to this argument but the court will not rest its decision on it at this point.
4.
The court rejects the immunity claim under § 52-557
N(b) (7) (8) of the general statutes for the reasons set forth in its decision in the Korowotny case. Also, the immunity claim does not apply to the § 1983 action set forth in the fifth count. A state immunity statute does not limit or preclude the operation or reach of the federal civil rights statute. Martinezv. California, 444 U.S. 277, 284 (1980).
5.
The claim made by the defendant that no contract existed here has not been briefed so the court will not address that claim. In any event, at one portion of her brief in support of her motion for summary judgment, the defendant says "the issue of whether there was a contract is a factual one," p. 13 of 6/26/97 brief.
CORRADINO, J.