[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #112
The plaintiff in this action was the operator of a motor vehicle which was involved in a collision with a motor vehicle owned by the Town of East Haven and operated by Paul Cahill, an assistant fire chief of the town. The accident took place on April 15, 1999 and also involved a third vehicle which was operated by one Patricia Blackstone. The plaintiff alleges negligence on the part of Cahill and Blackstone and seeks money damages as a result of personal injuries which he claims to have sustained.
The second count of the second amended complaint is directed against the Town of East Haven as employer of the defendant Paul Cahill and is brought pursuant to C.G.S § 7-101a and/or C.G.S. § 7-308.
The defendant Town has filed a motion to strike the second count claiming that it is legally insufficient regardless of which statute the plaintiff relies upon. To the extent that the second count is based upon either § 7-101a or 7-308, the court agrees with the defendant Town.
By its language § 7-101a is an indemnification statute which protects a municipal employee by providing for indemnity by the municipality should the employee be required to pay damages as a result of the discharge of his employment. It does not provide the plaintiff herein with a direct right of action against the Town. See Orticelli v.Powers, 197 Conn. 9 (1985).
Nor can the plaintiff avail himself of § 7-308 as he has not complied with its terms. Section 7-308 provides in part: "no action for personal injuries . . . shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has occurred."
The plaintiff has not instituted this action within one year of the accrual of the cause of action, nor has he alleged that notice was given to Paul Cahill as required by the statute.
For the above reasons the motion to dismiss of the defendant, Town of CT Page 6198 East Haven, is granted.
 ___________________ THOMPSON, J.