[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 15, 1996
Generally, a claim that an action is barred by the statute of limitations must be pleaded as a special defense; see Practice Book § 164; Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993); and then raised by a motion for summary judgment. "Where, however, a specific limitation is contained within the statute which establishes the remedy, the remedy exists only during the prescribed prior and not thereafter. In this situation, the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver." (Emphasis added; internal quotation marks omitted.) Orticelli v.CT Page 5204-YYPowers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). Likewise, a motion to dismiss is appropriate under the circumstances here.
Here, the limitation of action based upon a product liability claim is contained in General Statutes § 52-577a. In any product liability action a product seller may implead a third party if that third party "is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court." General Statutes § 52-577a(b). The Connecticut Supreme Court has characterized General Statutes § 52-577a(b) as a statute of limitations. Malerba v. Cessna Aircraft Co.,210 Conn. 189, 194, 554 A.2d 287 (1989). Because the third-party plaintiff in this case did not serve the third-party defendant (Vickers) within one year of December 16, 1994 — the date the original action was returned to court — the third-party plaintiff has not met the statute of limitations contained in General Statutes § 52-577a(b). The warranty claims cannot survive either, because a product seller must meet the statute of limitations of § 52-577a(b) in order to draw a third-party defendant into the original product liability action. In addition, "product liability claim" includes actions based upon theories of breach of warranty. General Statutes § 52-572m(b).
Accordingly, the motion to dismiss the third party complaint is granted.
RIPLEY, J.