[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED DECEMBER 3, 1996
On May 31, 1995, the plaintiff instituted this proceeding by filing a discrimination complaint with the Commission on Human Rights and Opportunities ("CHRO") against The Institute, Inc. ("Institute"). Pursuant to Sec. 46a-101 of the General Statutes, she requested and was granted a release to sue letter dated April 30, 1996.
On August 8, 1996, she filed this action against the Institute and against the following defendants (hereinafter the "individual defendants"): Bruce Fishkin, Director of Marketing at the Institute; Prescott Kelly, owner, Director and in management at the Institute; Linda Holgerson, Supervisor of the Support Group at the Institute; Roger Zucchino, an owner of the Institute; Malcolm Decker, Creative Director and an owner of the Institute; and Brian Judge, President, Director and an owner of the Institute.
In a sixteen-count complaint, she alleges various statutory and common-law claims arising from her employment at the Institute. During her employment, the plaintiff claims that she was discriminated against and verbally abused by defendant Bruce Fishkin, that her supervisors failed to remedy the situation and that she was subsequently terminated for complaining to her supervisors about the alleged discrimination and abuse.
She specifies the following violations of her rights as: gender discrimination, discriminatory practices, breach of contract, negligent misrepresentation, negligent performance appraisal, intentional and negligent infliction of emotional distress as to conduct during employment, intentional and negligent infliction of emotional distress as to termination, malice, pattern and practice, retaliation, negligent supervision, negligent hiring practices, breach of implied covenant of good faith and fair dealing, and breach of express covenant of good faith and fair dealing. CT Page 7569
On September 17, 1996, the individual defendants filed a motion to dismiss counts one, two, six, seven, eight, nine, ten, eleven, twelve, thirteen and fourteen of the plaintiffs complaint on the ground that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . . . (Citations omitted; internal quotation marks omitted.Cannata v. Department of Environmental Protection,239 Conn. 124, 134 n. 17.
A "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46; Practice Book § 143. Subject matter jurisdiction "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . ." (Internal quotation marks omitted.) Cannata v. Department of EnvironmentalProtection, supra.
The individual defendants first contend that the court lacks subject matter jurisdiction over counts one, two, eleven and twelve in which the plaintiff alleges gender discrimination in violation of Sec. 46a-60(a)(1) of the General Statutes (count one), discriminatory practices in violation of Sec. 46a-60 (a)(4) (count two), and violation of Sec. 46a-51 et seq., generally, through a pattern and practice of discrimination (count eleven), and retaliation (count twelve). The individual defendants assert that the plaintiff filed a CT Page 7570 complaint and obtained a release to sue letter from the CHRO against the Institute ONLY. (Emphasis supplied.) As a result, the individual defendants contend that the plaintiff failed to exhaust her administrative remedies with respect to them by not filing a complaint and obtaining a release to sue letter from the CHRO as required by Secs. 46a-100 through 101.
In her opposition, the plaintiff admits she never filed a complaint with the CHRO nor obtained the required release to sue letter with respect to the individual defendants. She asserts that her claims with respect to the individual defendants are not encompassed within the jurisdiction of the CHRO because the administrative remedies offered by the CHRO are inadequate. The plaintiff is seeking attorneys fees, punitive damages, and damages for emotional distress, which the plaintiff asserts the CHRO is not statutorily allowed to award.
Section 46a-100 provides in part that "[a]ny person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with Section 46a-82, alleging a violation of Section 46a-60 and who has obtained a release from the commission in accordance with Section 46a-101, may also bring an action in the superior court . . ." "No action may be brought in accordance with Section 46a-100 unless the complainant has received a release from the commission . . ." Section 46a-101 (a). "It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v.Board of Police Commissioners, 196 Conn. 208, 216. The plaintiff, who "fail[s] to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court."
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Citations omitted: internal quotation marks omitted.) Simkco v. Ervin,234 Conn. 498, 503. Failure to exhaust administrative CT Page 7571 remedies is a proper ground for a motion to dismiss See Gemmell v. New Haven, 32 Conn. App. 280, 283. "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) Simko v. Ervin, supra, 504. "[F]requent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Internal quotation marks omitted.) Cannata v. Department of EnvironmentalProtection, 215 Conn. 616, 625.
Our Supreme Court has recognized certain limited exceptions to the exhaustion requirement. One such exception is where the available relief is inadequate or futile. "An administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." OG Industries, Inc. v. Planning Zoning Commission, 232 Conn. 419, 426.
The plaintiff is seeking punitive damages, attorneys fees, and damages for emotional distress. Our Supreme Court has also determined that the CHRO does not have the authority to award attorneys fees and compensatory damages, other than back pay for violation of Sec. 46a-60 of the General Statutes. BridgeportHospital v. Commission on Human Rights Opportunities, 232 Conn. 91, 101. Some trial courts have held that when punitive damages are sought, the plaintiff need not exhaust the available administrative remedies because the CHRO does not have the authority to award punitive damages. See Dinegar v. Universityof New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 378256 (November 30, 1995) (Fracasse, J.); Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995) CT Page 7572 (Pickett, J.); Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (February 17, 1995) (Wagner, J.); Stevensv. E. R. Champion Sons, Inc., Superior Court, judicial district of New London at New London, Docket No. 527449 (May 26, 1994) (Hurley, J.); Richter v. Hoffman,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 083842 (June 11, 1991) (Lewis, J., 4 CONN. L. RPTR. 620,6 CSCR 641).
However, other trial courts have determined that when a plaintiff seeks punitive damages the plaintiff must still proceed first with the CHRO before instituting a cause of action in the Superior Court even though the CHRO does not have the authority to award punitive damages. See Block v. Connecticut Distributors,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327673, 16 CONN. L. RPTR. 634 (May 3, 1996) (Levin, J.); Webb v. Ethan Allen, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147289 (February 23, 1996) (Karazin, J.); Murphy v. Young, Superior Court, judicial district at New Haven at Meriden, Docket No. 244076 (November 22, 1995) (Silbert, J.); Charbonneau v. UnitedGrinding, Inc., Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 468279 (November 20, 1995) (Arena, J.); Doe v.Ambrogio, Superior Court, judicial district of New Haven at New Haven, Docket No. 375339,15 CONN. L. RPTR. 440 (November 14, 1995) (Thompson, J.). "The exhaustion requirement would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO." Murphy v.Young, supra. The administrative agency should have "the first attempt at resolving these claims . . . then it's up to the court to provide an avenue for the relief the administrative agency is unable to award."Charbonneau v. United Grinding, Inc., supra.
With respect to counts one, two, eleven, and twelve, all of which allege violations of the Connecticut Fair Employment Practices Act ("CFEPA"), this court is satisfied that while both opinions are persuasive, the CT Page 7573 latter seems more consistent with precedent as we know it. This decision follows the admonition to "weigh the reasons pulling in each direction and decide whether requiring exhaustion is desirable." (Internal quotation marks omitted.) Cummings v. Tripp,204 Conn. 67, 79, 527 A.2d 230 (1987), limited, Simko v.Ervin, supra, 234 Conn. 505.
The individual defendants further move to have count ten of the plaintiffs complaint dismissed. In their memorandum of law, they included count ten with the above statutory counts they seek to have dismissed for lack of subject matter jurisdiction, based on a failure to exhaust administrative remedies. Count ten, however, is a claim for malice. There is no statutory cause of action for malice under Sec. 46a-51 et seq., nor is there any common law cause of action. Therefore, because there is no requirement to exhaust administrative remedies, the individual defendants' motion to dismiss count ten is denied.
The individual defendants also move to dismiss counts six, seven, eight, nine, thirteen and fourteen of the plaintiffs complaint, which allege intentional infliction of emotional distress as to conduct during employment, negligent infliction of emotional distress as to conduct during employment, negligent infliction of emotional distress as to termination, intentional infliction of emotional distress as to termination, negligent supervision, and negligent hiring practices, respectively. They contend that these counts are based entirely on the plaintiffs allegations of gender discrimination and harassment. They argue that the plaintiff incorporated by reference the allegations of her discrimination claim set forth in count one into her common law and tort causes of action and has thereby subjected them to the filing requirement of Sec. 46a-100
and release to sue procedure of Sec. 46a-101. The plaintiff argues that these counts are "based upon tort and common law actions and do not allege a violation of specific state statute." She states that the above counts "do not incorporate any other statutory references," and are, therefore, not within the CHRO's jurisdiction. CT Page 7574
"There is no indication in the [Connecticut Fair Employment Practices Act (CFEPA)] . . . that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies contained in Sec. 46a-51 et seq." Shyrer v. Assoc. Pulmonologistsof W. Conn., Superior Court, judicial district of Danbury, Docket No. 319434, 16 CONN. L,. RPTR. 539 (April 15, 1996) (Moraghan, J.). "There is nothing in the [C]FEPA statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under the [C]FEPA." Paradise v. Times FiberCommunications, Inc., Superior Court, judicial district of New Haven, Docket No. 238479 (June 27, 1986) (Hadden, J., 1 CSCR 444); Chelstowski v. New HorizonManufacturing, Inc., Superior Court, judicial district at New Haven, Docket No. 248096 (August 18, 1987) (Schaller, J., 2 CSCR 962). "[T]here are many cases in which parties have brought common law claims in addition to claims under Sec. 46a-60." Shyrer v. Assoc.Pulmonologists of W. Conn., supra.
Consequently, the defendants' motion to dismiss counts six, seven, eight, nine, thirteen and fourteen for lack of subject matter jurisdiction is denied. These counts sound in tort and common law. They are not brought pursuant to Sec. 46a-60 which governs gender discrimination. Furthermore, the plaintiff incorporated only the factual allegations contained in count one and not the alleged gender discrimination violation. As this court is a court of general jurisdiction, it has subject matter jurisdiction over claims sounding in tort and common law.
MORAGHAN, J.