[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
 FACTS
On March 19, 1997, the plaintiff, Terence Brewer, filed a nine count complaint against the following named defendants: Wilcox Trucking, Inc. ("Wilcox Trucking"), the plaintiff's employer; David Wilcox, individually and as President of Wilcox Trucking; and Miriam Wilcox, individually and as officer and temporary C.E.O. of Wilcox Trucking. In the complaint, Brewer alleges that he was terminated from employment at Wilcox Trucking because of his physical disability. According to the complaint, Brewer is partially deaf in both ears and utilizes a hearing aid.
In the complaint, Brewer sets forth both statutory violations as well as common law claims. Specifically, Brewer alleges the following causes of action: count one, entitled general allegations, alleges discrimination based on Brewer's physical disability by the defendants in violation of General Statutes §§ 46a-58 (a)[1], 46a-60 (a)(1)[2] and 46a-60
(a)(5)[3]; count two, directed at David Wilcox, alleges discrimination based on Brewer's physical disability in violation of General Statutes §§ 46a-58 (a), 46a-60 (a)(1) and 46a-60 (a)(5); count three, directed
at Miriam Wilcox, alleges discrimination based on Brewer's physical disability in violation of General Statutes §§ 46a-58 (a), 46a-60 (a)(1) and § 46a-60 (a)(5); count four, directed at Wilcox Trucking, alleges discrimination based on Brewer's physical disability in violation of General Statutes §§ 46a-58 (a), 46a-60 (a)(1), 46a-60 (a)(5); count five alleges negligent infliction of emotional distress by the defendants; count six alleges intentional infliction of emotional distress by the defendants; count seven alleges defamation by the defendants; count eight alleges breach of contract by the defendants; and count nine alleges negligent misrepresentation by the defendants. CT Page 9168
On April 24, 1997, the defendants filed a motion to dismiss all nine counts of the complaint with an accompanying memorandum of law in support. Specifically, the defendants request this court to dismiss counts one through six of the complaint for lack of subject matter jurisdiction and to dismiss counts seven through nine of the complaint as barred by the applicable statute of limitations. On May 27, 1997, the plaintiff filed an objection. The plaintiff filed a supplemental opposition dated May 28, 1997. On June 2, 1997, the defendants filed a reply brief.
In part one of this decision, the court will address the defendant's arguments concerning the court's subject matter jurisdiction. In part two of this decision, the defendants' arguments regarding the statute of limitations will be addressed.
 I STANDARD
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Cannata v. Departmentof Environmental Protection, 239 Conn. 124, 134 n. 17,680 A.2d 1329 (1996).
DISCUSSION
At the outset, the court notes that in counts one through four of the complaint, Brewer sets forth three causes of action within each count, namely discrimination based on his physical disability in violation of General Statutes §§ 46a-58 (a),46a-60 (a)(1) and 46a-60 (a)(5). Accordingly, the court will discuss the defendants' arguments as they pertain to counts one through four on a count by count basis, separating CT Page 9169 into subsections the three statutory violations alleged in each count.
 A
Count One.
1. Violations of General Statutes §§ 46a-60 (a)(1) and46a-60 (a)(5).
In their motion, the defendants maintain that the court lacks subject matter jurisdiction because Brewer failed to exhaust his administrative remedies. The defendants assert that because Brewer alleges violations of General Statutes §46a-60 in count one, Brewer was required to pursue the appropriate administrative remedies contained in General Statutes §46a-51 et seq. before proceeding to the Superior Court. Specifically, the defendants argue that Brewer filed a claim with the Commission On Human Rights and Opportunities ("CHRO") as required by General Statutes § 46a-82[4], however, Brewer failed to obtain a release to sue letter from the CHRO pursuant to General Statutes §§ 46a-100[5] through 46a-101[6] prior to initiating the present action in Superior Court. Instead, Brewer withdrew his action from the CHRO on April 4, 1995. (Affidavit of Lewis K. Wise, ¶ 3.)
In his opposition, Brewer counters that pursuant to a work-sharing agreement between the Equal Employment Opportunity Commission ("EEOC") and the CHRO, he is not required to obtain a release to sue letter from the CHRO. Brewer contends that pursuant to the work-sharing agreement, a release to sue letter issued by the EEOC is sufficient to allow the plaintiff to bring his claims in Superior Court. Alternatively, Brewer also maintains that the motion to dismiss should be denied because he is currently seeking a release from the CHRO.
Failure to exhaust administrative remedies is a proper ground for a motion to dismiss. See Gemmell v. New Haven,32 Conn. App. 280, 283, 630 A.2d 1331 (1993). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498,503, 661 A.2d 1018 (1995). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first CT Page 9170 instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Internal quotation marks omitted.) Id., 504. "It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Internal quotation marks omitted.) Id. "[F]requent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Internal quotation marks omitted.)Cannata v. Dept. of Environmental Protection,215 Conn. 616, 625, 577 A.2d 1017 (1990).
Sections 46a-100 and 46a-101 of the General Statutes set forth the administrative route a plaintiff must follow when alleging a discrimination claim under General Statutes § 46a-60. General Statutes § 46a-100 provides: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court. . . ." General Statutes § 46a-100. "No action may be brought in accordance with section46a-100 unless the complainant has received a release from the commission. . . ." General statute § 46a-101 (a). "It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v. Board of Police Commissioners,196 Conn. 208, 216, 491 A.2d 1096 (1985). The plaintiff, who "fail [s] to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Id.
According to the plaintiff, the work-sharing agreement entered into by the EEOC and CHRO obviates the statutory requirement that the plaintiff obtain a release to sue letter from the CHRO where a release to sue letter has been issued by the EEOC.
"Under the EEOC regulations, the CHRO is a certified `deferral agency' under which it has a work-sharing agreement with the EEOC to process discrimination complaints. Under this framework, the EEOC will accept CHRO decisions subject to limited CT Page 9171 review. As a deferral agency the CHRO is the EEOC's agent in Connecticut and may receive complaints for the EEOC. Where both the EEOC and the CHRO have jurisdiction, two complaints are taken so that the matter may be `dual filed,' preserving both state and federal rights of the complaint. This means that even though a complaint may file initially with the CHRO and cross-file with the federal EEOC, under normal circumstances, the CHRO will process the case and the EEOC will simply wait for the outcome." Siegel, O'Connor, Schiff Zangari, Connecticut Labor Employment Law, § ID., p. 7 (1995).
After reviewing the work-sharing agreement submitted by the plaintiff, this court does not find, nor does the plaintiff state, any provision in the work-sharing agreement which excuses the plaintiff from complying with the requirements set forth in General statutes §§ 46a-100 and 46a-101. Accordingly, where the statutory language is clear and unambiguous, this court should not create an exception to the requirement that the plaintiff obtain a release to sue letter from the CHRO prior to initiating a claim in superior court. See Office ofConsumer Counsel v. Dept. of Public Utility and Control,234 Conn. 624, 642, 662 A.2d 1251 (1995); Leo Fedus SonsConstruction Co. v. Zone Board of Appeals, 225 Conn. 432, 441,623 A.2d 1007 (1993).
Furthermore, the plaintiff, perhaps noticing his error, has now requested a release letter from the CHRO. Even so, this will not save the plaintiff's cause of action, because a release to sue letter issued by the CHRO is a condition precedent to this court acquiring jurisdiction. General Statutes §§ 46a-100 and 46a-101.
It is therefore concluded that the defendants' motion to dismiss is granted as to count one's allegation that the defendants violated General Statutes §§ 46a-60a(1) and 46a-60 (a)(5).
2. Violation of General Statutes § 46a-58 (a).
In count one of the complaint, Brewer also alleges that the actions of the defendants violated General Statutes §46a-58 (a). The defendants do not move to dismiss this allegation. Nonetheless, this court will dismiss this allegation sua sponte for lack of subject matter jurisdiction for the reasons set forth below. Glastonbury Volunteer Ambulance Assn., Inc.v. Freedom of Information Commission, 227 Conn. 848, 851, CT Page 9172633 A.2d 305 (1993) ("The trial court . . . [can determine] sua sponte that is subject matter jurisdiction [is] in question. . . .")
General Statutes § 46a-58 (a) provides, in pertinent part: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subject, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or the United States, on account of . . . physical disability."
"Jurisdiction for this statute is contained exclusively with the CHRO. According to General Statutes § 46a-82 (a) `Any person claiming to be aggrieved by an alleged discriminatory practice . . . may . . . make, sign and file with the commission a complaint in writing under oath . . . which shall set forth the particulars thereof . . .' A `discriminatory practice' is defined in General Statutes § 46a-51 (8) to include a violation of General Statutes § 46a-58. . . . As our Supreme Court has observed in connection with a related statute, General Statute § 46a-60, the CHRO has exclusive jurisdiction over this provision. Sullivan v. Bd. of Police Commissioners,196 Conn. 208 (1985)." Flanagan v. State. C.H.R.O.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563942 (January 30, 1997, Allen, S.T.R.).
"Private causes of action under our antidiscrimination statutes are provided in only relatively limited circumstances such as General Statutes § 46a-98 (credit discrimination); § 46a-98 (a) (housing discrimination or breach of conciliation agreement); § 46a-99 (violation of certain statutes, not including § 46a-58, by state agencies); § 46a-100 (certain employment discrimination claims where complaint filed with CHRO has not been resolved after the passage of 210 days). However, a complaint based on General Statutes § 46a-58 is not one of them." Flanagan v. State. C.H.R.O, supra, Superior Court, Docket No. 563942.
As stated above, the CHRO has exclusive jurisdiction over General Statutes § 46a-58 and General Statutes § 46a-51 et seq. does not provide a private cause of action for a violation of General statutes § 46a-58. Flanagan v. State. C.H.R.O.,
supra, Superior Court, Docket No. 563942. Accordingly, because this court lacks subject matter jurisdiction, the court dismisses sua sponte count one's allegation that the defendants CT Page 9173 violated General statutes § 46a-58 (a).
 B
Count Two.
1. Violations of General statutes §§ 46a-60 (a)(1) and46a-60 (a)(5) by the defendant, David Wilcox.
As stated in section A.1 above, the plaintiff is required, when alleging a violation of General statutes § 46a-60, to obtain a release to sue letter from the CHRO prior to initiating this action. General statutes §§ 46a-100 and 46a-101. Because the plaintiff has failed to follow the administrative route set forth in General statutes § 46a-51 et seq., the defendants motion to dismiss count two's allegation that David Wilcox violated General Statutes §§ 46a-60 (a)(1) and 46a-60 (a)(5) is granted.
2. Violation of General Statutes § 46a-58 (a).
For the reasons set forth above in section A.2 of the discussion, the court dismisses sua sponte count two's allegation that the defendant, David Wilcox, violated General Statutes § 46a-58 (a) because this court lacks subject matter jurisdiction over this claim.
 C
Count Three
1. Violations of General Statutes §§ 46a-60 (a)(1) and46a-60 (a)(5) by the defendant, Miriam Wilcox.
For the reasons set forth in section A.1 above, the defendants' motion to dismiss count three's allegation that the defendant violated General statutes §§ 46a-60 (a)(1) and 46a-60 (a) (5) is granted as the plaintiff has failed to obtain the statutory required release to sue letter from the CHRO.
2. Violation of General Statutes § 46a-58 (a).
For the reasons set forth above in section A.2 of the discussion, the court dismisses sua sponte count three's allegation that the defendant, Miriam Wilcox, violated General Statutes CT Page 9174 § 46a-58 (a), because the court lacks subject matter jurisdiction over this claim.
 D
Count Four
1. Violations of General Statutes §§ 46a-60 (a)(1) and46a-60 (a)(5) by the defendant, Wilcox Trucking.
For the reasons set forth above in section A.1, the motion to dismiss count four's allegation that Wilcox Trucking violated General Statutes §§ 46a-60 (a)(1) and 46a-60 (a)(5) is granted as the plaintiff did not obtain the required release to sue letter from the CHRO before proceeding to superior court.
2. Violation of General Statutes § 46a-58 (a).
For the reasons set forth above in section A.2 of the discussion, the court dismisses sua sponte count four.
 E
Counts Five and Six
The defendants maintain that counts five and six of the plaintiff's complaint, which allege negligent infliction of emotional distress and intentional infliction of emotional distress, respectively should also be dismissed. They contend that these counts are based entirely on Brewer's allegations that the defendants violated General Statutes § 46a-60. The defendants argue that the plaintiff incorporated by reference the allegations of his discrimination claim, set forth in count four of the complaint, into counts five and six of the complaint, thereby subjecting those counts to the filing requirement of section 46a-100 of the General Statutes and release to sue procedure of section 46a-101 of the General Statutes.
Brewer does not address this argument in any of his memoranda.
"There is no indication in the [Connecticut Fair Employment Practices Act (CFEPA)] . . . that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed CT Page 9175 remedies contained in Sec. 46a-51 et seq." Shyrer v.Assoc. Pulmonologists of West. Conn., Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996, Moraghan, J.) (17 Conn. L. Rptr. 539); Rene v. The Institute.Inc., Superior Court, judicial district of Danbury, Docket No. 325074 (December 3, 1996, Moraghan, J.) (18 Conn. L. Rptr. 316.) "There is nothing in the [C] FEPA statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under the [C] FEPA." Paradise v. Times Fiber Communications. Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 238479 (June 27, 1986, Hadden, J.) (1 C.S.C.R. 444); Chelstowski v. New Horizon Manufacturing, Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 248096 (August 18, 1987, Schaller, J.) (2 C.S.C.R. 962). "[T]here are many cases in which parties have brought common law claims in addition to claims under Sec. 46a-60."Shyrer v. Assoc. Pulmonologists of West. Conn., supra,17 Conn. L. Rptr. 539.
Counts five and six, which allege negligent infliction of emotional distress and intentional infliction of emotional distress, respectively, sound in tort. These claims are not brought pursuant to either General statutes §§ 46a-58 or46a-60, which governs discrimination claims. Because the superior court is a court of general jurisdiction, it has subject mater jurisdiction over claims sounding in tort. See SecondInjury Fund v. Lupachino, 45 Conn. App. 324, 344, ___ A.2d ___ (1997); Rene v. The Institute, Inc., supra,18 Conn. L. Rptr. 316.
 II
The defendants move to dismiss counts five through nine of the complaint on the ground that said counts are barred by the applicable statute of limitations.
STANDARD
"[T]he defense of the statute of Limitations . . . must be specially pleaded and cannot be raised by a [motion to dismiss]." Ross Realty Corp. v. Surkis, 163 Conn. 388, 391,311 A.2d 74 (1972); see also Practice Book § 164. Nevertheless, "[w]here . . . a specific time limitation is contained CT Page 9176 within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Ambroise v. William Raveis Real EstateInc., 226 Conn. 757, 766-67, 628 A.2d 1303 (1993).
DISCUSSION
 A
Counts Five, Six, Seven and Nine.
The defendants seek to dismiss counts five, six, seven and nine of the complaint, which allege negligent infliction of emotional distress, intentional infliction of emotional distress, defamation, and negligent misrepresentation, respectively. The defendants maintain that these counts are barred by the statute of limitations contained in General Statutes §52-577, which provides a three year statute of limitations. According to the defendants, the plaintiff was terminated on or about September 27, 1993 and the present action was commenced in March of 1997, after the statute of limitations had run.
The plaintiff maintains that the present action was timely filed.
General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577.
The Supreme Court and the Appellate Court have determined that General Statutes § 52-577 is procedural and therefore does implicate the court subject matter jurisdiction. SeeOrticelli v. Powers, 197 Conn. 9, 15-16, 495 A.2d 1023 (1985);Anderson v. Schieffer, 35 Conn. App. 31, 45 n. 8, 645 A.2d 549
(1994); McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 531
n. 16, 590 A.2d 438 (1991); Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 528, 559 A.2d 712 (1989) ("General Statutes CT Page 9177 § 52-577 is a procedural statute . . . .") General Statutes § 52-577 should be raised by way of special defense. See Mac'sCar City, Inc. v. DeNigris, supra, 528.
A motion to dismiss is not the appropriate procedural method in which to raise that statute of limitations defense contained in General Statutes § 52-577, as this statute should be pleaded by way of a special defense. See Orticelli v. Powers,
supra, 197 Conn. 15-16; Anderson v. Schieffer, supra,35 Conn. App. 45 n. 8; McCutcheon Burr, Inc. v. Berman, supra,218 Conn. 531 n. 16; Mac's Car City, Inc. v. DeNigris, supra,18 Conn. App. 528. Accordingly, the court denies the motion to dismiss counts five, six, seven and nine.
Count Eight.
The defendants move to dismiss count eight, sounding in breach of an oral contract, on the ground that this count is barred by the statute of limitations contained in General Statutes § 52-581. According to the defendants, the present action was commenced more than three years after the statute of limitations had run.
The plaintiff maintains that he has timely filed the present action and therefore the motion to dismiss should be denied.
General Statutes § 52-581 provides: "(a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." General Statutes § 52-581.
The statute of limitations contained in General Statutes § 52-581 should be pleaded by way of a special defense and not raised by a motion to dismiss. See, e.g. Geghan v.Merrill Lynch Co., Superior Court, judicial district of Waterbury, Docket No. 116906 (February 15, 1996, Pellegrino, J.);Chelsea Groton Savings Bank v. Nousiopoulis, Superior Court, judicial district of New London at Norwich, Docket No. 102584 (April 20, 1995, Hendel, J.); Armellino v. Dowling, Superior Court, judicial district of New Haven at Meriden, Docket No. 330634 (May 16, 1995, Healey, S.T.R.); Steponaitis v. Richards,
Superior Court, judicial district of New Haven at Meriden, CT Page 9178 Docket No. 246246, Dorsey, S.T.R.). Accordingly, the court denies the motion to dismiss count eight of the complaint.
CONCLUSION
The court grants the motion to dismiss counts one, two, three and four, because the court lacks subject matter jurisdiction over these claims. The court denies the motion to dismiss counts five and six of the complaint as this court has subject matter jurisdiction over these counts. Also, the court denies the motion to dismiss counts seven, eight, and nine of the complaint because a motion to dismiss is not the appropriate method to raise the applicable statute of limitations.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT