[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES
This action arises out of the alleged sexual harassment and a sexual assault of the plaintiff, Lori Williams. The alleged incidents occurred at a restaurant owned and operated by the defendant, Trefz Corporation. The plaintiff, a former employee of the defendant, alleges that despite numerous reports by the plaintiff to the defendant's management, the defendant permitted the working atmosphere of the restaurant to be sexually charged. The plaintiff further alleges that a co-worker sexually assaulted her in the basement of the restaurant. She claims that the defendant enabled and permitted the assailant to assault the plaintiff by failing to take actions to eliminate the sexually charged environment of the workplace.
Against the defendant Trefz, the plaintiff alleged the following claims: count one alleges a claim of intentional assault; count two alleges a violation of General Statutes § 46a-60; count three alleges negligent supervision; count four alleges negligent infliction of emotional distress; count five alleges intentional infliction of emotional distress; and count seven alleges a claim of intentional harm by the employer. CT Page 11252
The defendant filed three special defenses to the claims against it, which allege the following: (1) the plaintiff's claims are barred by workers' compensation law; (2) the claims are preempted by the Connecticut human rights and opportunities law and Title VII of the Civil Rights Act of 1964; and (3) the plaintiff has failed to exhaust available administrative remedies. The plaintiff now moves to strike the three special defenses on various grounds.
In deciding a motion to strike a special defense, the trial court is limited to a consideration of the facts alleged in the pleadings. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999). "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book §10-50. The plaintiff is, therefore, entitled to rely upon the complaint when seeking to strike a special defense because a valid special defense may only allege facts that are consistent with the revised complaint. See id.
First Special Defense
The defendant's first special defense asserts that the exclusivity provision of the Workers' Compensation Act serves as a bar to the plaintiff's claims. The plaintiff moves to strike the first special defense, as it pertains to counts one, five and seven, because these claims allege intentional harm inflicted by the defendant employer, which are not subject to the exclusivity provision. The plaintiff also moves to strike the first special defense as to count two on the grounds that the Workers' Compensation Act does not apply to a violation of the Fair Employment Practices Act.
"[A] claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v.Bassman, 221 Conn. 465, 472, 604 A.2d 814 (1992). General Statutes 31-284
(a) of the Workers' Compensation Act acts as a total bar to common law actions brought by employees against employers for job related injuries.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106, 639 A.2d 507
(1994). The sole exception to this rule is "when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Id.
In the present case, the plaintiff alleges intentional conduct in CT Page 11253 counts one, five and seven.[1] The claims asserted in these counts fall under the exception to the exclusivity provision of § 31-284 (a). The defendant argues that because the determination of intent is inherently factually based, it is inappropriate for the court to grant the motion to strike. However, factual determinations are immaterial for the purposes of the present motion to strike. If the plaintiff proves that the conduct of the defendant was intentional, the defense would be inapplicable to the plaintiff's claims. Grant v. Bassman, supra. Conversely, if the plaintiff fails to prove intentional conduct, the plaintiff will fail to prove her claims. Thus, the special defense as to counts one, five and seven is invalid; accordingly, the motion is granted as to these counts. The motion to strike the first special defense as to count two is also granted.[2]
Second and Third Special Defenses
The second special defense alleges preemption by the human rights and opportunities law of Connecticut (the Fair Employment Practices Act (FEPA), General Statutes § 46a-60) and Title VII of the Civil Rights Act of 1964, and the third special defense alleges a failure to exhaust the available administrative remedies.[3]
The plaintiff moves to strike the second special defense, as to counts one, three, four, five and seven, on the ground that the common law claims alleged in these counts are not preempted by the statutory law alleged in the defense. As to count two, the plaintiff moves to strike the second special defense on the ground that the FEPA claim alleged in the count cannot be preempted by itself or Title VII.[4]
"[T]here are many cases in which parties have brought common law claims in addition to claims under Sec. 46a-60. See, e.g., Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.); Malasky v. MetalProducts Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541054 (June 7, 1995, Hennessey, J.). . . ."Shyrer v. Associated Pulmonologists of Western Conn., Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996,Moraghan, J.). "Therefore, common law causes of action, such as tort claims, are not preempted by FEPA." (Internal quotation marks omitted.)Delvecchio v. Griggs Browne Company, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 118659 (April 17, 2000,Hurley, J.T.R.); Brewer v. Wilcox Trucking, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 479546 (September 26, 1997, Stengel, J.); Cantavero v. Horizon Meat Seafood Dist., Superior Court, judicial district of Stamford, Docket No. 152918 (April 22, 1997, Nadeau, J.) (19 Conn. L. Rptr. 333, 333-34); ReneCT Page 11254v. The Institute, Inc., Superior Court, judicial district of Danbury; Docket No. 325074 (December 3, 1996, Moraghan, J.) (18 Conn. L. Rptr. 316, 318-19); Shyrer v. Associated Pulmonologists of Western Conn., supra, Docket No. 319434; Chelstowski v. New Horizon Manufacturing,Inc., Superior Court, judicial district of New Haven, Docket No. 248096 (August 18, 1987, Schaller, J.) (2 C.S.C.R. 962, 963). The plaintiff alleges common law tort claims in counts one, three, four, five and seven. These claims are not preempted by the FEPA and, thus, are not subject to exhaustion.[5] Accordingly, the motion to strike the second and third special defenses is granted as to these counts. As to count two, which alleges a violation of FEPA, the motion to strike the second special defense is also granted.
Recapitulating, the plaintiff's motion to strike the defendant's first special defense, as to counts one, two, five and seven, is granted. The motion to strike the second defense, as to counts one through five and seven, is also granted. As to counts one, three, four, five and seven, the motion to strike is granted.
White, J.