[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: TILTED PARTY DEFENDANT MINSTER MACHINE COMPANY'S MOTION TO DISMISS (#115), AND THIRD PARTY DEFENDANT PRECISION METAL PRODUCT'S MOTION TO STRIKE (#117)
This is a product liability action brought by the plaintiff, William Soto ("Soto") seeking damages for personal injuries he allegedly sustained while operating a press machine at his job at Precision Metal Products, Inc. ("Precision"). Soto's original complaint was brought against the defendant, Hayden Machine Company, Inc. ("Hayden Machine"). In his complaint, Soto alleges that Hayden Machine is a product seller within the meaning of Connecticut's Product Liability Act, General Statutes § 52-572(m) and sold the press machine to Precision.
Hayden Machine has filed a third-party complaint dated December 21, 1999 against three third-party defendants. Count one of the third-party complaint is brought against Precision alleging contract indemnification based on a hold harmless clause alleged to be in the sales contract for the press machine. Count two is brought against Minster Machine Company ("Minster Machine") alleging that it designed and manufactured the press machine that allegedly injured Soto. Count two alleges product liability against Minster Machine pursuant to General Statutes § 52-577a(b). CT Page 8901 Count three is also brought against Mister Machine alleging common law indemnification on the theory of active/passive negligence. Counts four and five are brought against Koll-Dove Global Disposition Services, L.L.C. and are not involved in the present motions. Count six is brought against Precision alleging common law indemnification based on active/passive negligence.
Minster Machine has moved to dismiss counts two and three of Hayden Machine's third-party complaint. Mister Machine asserts that the court lacks subject matter jurisdiction over the product liability count because the third-party complaint fails to allege that Minster Machine had possession or control of the product within ten years of the third-party complaint. See § 52-577a(a). Minster has moved to dismiss the common law indemnification count claiming that the Product Liability Act is Hayden Machine's exclusive remedy. For the reasons set forth below, the motion to dismiss is denied.
Precision has moved to strike count six of Hayden Machine's third-party complaint. Precision asserts that the common law indemnification claim is barred by the exclusivity provisions of Connecticut's Workers' Compensation Act, General Statutes § 31-284 (a). For the reasons set forth below, the motion to strike is granted.
MOTION TO DISMISS (#115)
Mister Machine has moved to dismiss count two of the third-party complaint on the ground that the court lacks subject matter jurisdiction. Mister Machine's claim turns on the construction of §52-577a(a) which, as pertinent here, provides:
 "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury...is first sustained...except that...no such action shall be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product."
Count two of the third-party complaint contains no allegation that Minster Machine last parted with possession or control of the press machine within ten years of the date of the third-party complaint. Minster Machine asserts that this omission deprives the court of subject matter jurisdiction mandating dismissal. Hayden Machine argues that the ten year limitation contained in § 52-577a(a) is not jurisdictional CT Page 8902 but should be raised by way of special defense. See Practice Book §10-50 (statute of limitation claims should be raised by special defense).
In Orticelli v. Powers, 197 Conn. 9 (1985), our Supreme Court explained the difference between non-jurisdictional and jurisdictional statutes of limitations as follows:
 "The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded."
 197 Conn. 15 (emphasis added).
 "Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation...the statute of limitations...is considered substantive or jurisdictional, and not subject to waiver.
Id.
This reasoning was applied by the Supreme Court in the product liability context in Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509
(1989). In Champagne the Court stated
 "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. [citations omitted]. Section 52-577a does not create a right of action in the product liability context. That right of action is created by the common law or the product liability act. Thus, § 52-577a
must be considered procedural."
 212 Conn. 525 (emphasis added). CT Page 8903
Based on the quoted language from Champagne, Mister Machine's claim that Hayden Machine's efforts to implead it are barred by the ten year rule contained in § 52-577a(a) should be raised by way of special defense. Minster Machine's motion to dismiss count two of the third-party complaint is denied.[1]
Minster Machine also moves to dismiss count three of the third-party complaint on the ground that, since Minster Machine is alleged to be a product seller, Hayden Machines's only remedy is pursuant to the product liability act. See § 52-572n(a). This motion attacks the legal sufficiency of the common law indemnification count. "A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177,185 (1993). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v.Gulack, 30 Conn. App. 305, 309 (1993).
The motion to dismiss count three of the third-party complaint is denied.
MOTION TO STRIKE (#117)
In its third-party complaint, Hayden Machine makes two claims against Precision. In count one, it alleges that the hold harmless clause of the sales contract for the press machine obligates Precision to indemnify it for any judgment that Soto may obtain against Hayden Machine. Precision does not challenge this count in the present motion. In count six, Hayden Machine seeks common law indemnification based on the theory of active/passive negligence. As to this claim, Precision moves to strike asserting that no independent legal duty exists to defeat the bar imposed by the exclusivity provisions of the Workers' Compensation Act, §31-284(a).[2]
Our Supreme Court has adopted the view that when a third party, in a suit by an employee, seeks recovery over against a contributorily negligent employer, indemnification is ordinarily denied based on the operation of the exclusive remedy clause. Ferryman v. Groton, 212 Conn. 138,144 (1989). But if the employer breached an independent duty toward the third party or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. Id. Allegations based solely on active versus passive negligence pursuant to the principles of Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,415 (1965), are inadequate to establish the requisite independent relationship to obviate the exclusive remedy doctrine Ferryman v. Groton, supra, 145. Likewise, the law does not independently impose a quasi-contractual duty upon a buyer to indemnify a manufacturer for injuries sustained by the buyer's employees in the use of a defective CT Page 8904 product. Therrien v. Safeguard Mfg. Co., 180 Conn. 91, 95 (1980).
Hayden Machine acknowledges the above law, but claims that Precision's contractual obligation is sufficient to establish the independent legal relationship needed to overcome the exclusive remedy provisions of the Workers' Compensation Act. The problem with this argument is that it seeks to gain a double effect from the contractual relationship. On the one hand, the hold harmless clause in the contract provides an appropriate basis for a claim of contractual indemnity. See Larson's Workers' Compensation Law, Vol. 7, Chap. 121 ("The right to indemnity is clear when the obligation springs from a separate contractual relationship....") But Hayden Machine seeks to go farther. Having alleged contractual indemnity in count one of the third-party complaint, it also seeks to use that same contractual relationship to support the active/passive negligence indemnity claim in count six. This goes too far. To establish a basis for the common law indemnity claim alleged in count six, Hayden Machine must plead some independent legal relationship other than the sales contract that forms the basis of count one. The present third-party complaint lacks such an allegation.
Accordingly, the motion to strike count six of the third-party complaint is granted.
CONCLUSION
As to Minster Machine's motion to dismiss (#115), the motion is denied.
As to Precision's motion to strike (#117), the motion is granted.
So Ordered at New Haven, Connecticut this 19th day of July, 2000.
 ______________________ Devlin, J.